BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.

---

W. W. BROWN, *Plaintiff in Error*, v. HARRY C. CASE, *Defendant in Error*.

### Opinion Filed November 22, 1920.

1. The nature, validity and interpretation of contracts are governed by the *lex loci* of the country where the contracts are made or are to be performed; but the remedies are governed by the *lex fori*.

2. Section 1726, General Statutes of 1906, "When the cause of action has arisen in another State or Territory of the United States, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this State." Construed, to give a debtor against whom a cause of action in another State or Territory, or in a foreign county, the benefit of the statute of limitations of those jurisdictions if they are shorter than in this State, and does not deprive him of his privilege of pleading the Florida statute, even if the cause of action is not barred by the limitation statutes of any other State or Territory, or foreign State.

A Writ of Error to the Circuit Court for Pinellas County; O. K. Reaves, Judge.

Judgment affirmed.

*Hilton S. Hampton* and *S. S. Sandford,* for Plaintiff in Error;

*Davis* & *Harris,* for Defendant in Error.

BROWNE, C. J.—On July 17th, 1907, the defendant in error executed in New York city certain promissory notes payable to his own order at the Corn Exchange Bank of New York. Before the cause of action on the notes accrued, the maker absented himself from the State of New York, and for more than six years thereafter has resided in the State of Florida.

On the 16th of October, 1919, the plaintiff in error, who was plaintiff below, brought suit in Pinellas County, Florida, against the defendant to recover on the notes. The defendant pleaded the statute of limitations of Florida, and the plaintiff filed a replication setting up "that at the time of the making and delivery of said notes, the plaintiff and defendant were both situate in the State of New York; that subsequent to the making and delivery of said notes, and within six years from date of maturity of said notes, and each of them, and when the causes of action accrued thereon and each of them, the defendant was without the State of New York, and has continued to reside without said State;" and that the cause of action was not barred by the statutes of New York.

A demurrer to the replication was sustained, and the plaintiff declining to plead further, judgment was entered

against him without prejudice to his right "to institute such action as he may be advised where the cause of action accrued," from which judgment writ of error was taken to this court.

The sole question involved, is whether the statute of limitations of Florida, where the action was brought, is applicable, or that of the State of New York, where the cause of action accrued.

It seems well settled, in the absence of a statute to the contrary, that suits on contracts must be brought within the period prescribed by the law of the State where the suit is instituted, otherwise they will be barred, and that in considering the effect of a statute of limitations the *lex fori* and not the *lex loci contractus* governs.

This question first came before the Supreme Court of the United States in M'Cluny v. Silliman, 1830, 3 Peters (U. S.) 270, where the court said: "It is a well settled principle, that a statute of limitations is the law of the forum, and operates upon all who submit themselves to its jurisdiction." * * * "Of late years, the courts in England, and in this country, have considered statutes of limitation more favorably than formerly. They rest upon sound policy, and tend to the peace and welfare of society. The courts do not now, unless compelled by the force of former decisions, give a strained construction to evade the effect of those statutes. By requiring those who complain of injuries to seek redress by action at law, within a reasonable time a salutary vigilance is imposed, and an end is put to litigation."

This was followed in M'Elmoyle v. Cohen, 1839, 13 Peters (U. S.) 312, where the court said: "Such being the faith, credit and effect to be given to a judgment of one

State in another, by the Constitution and the Act of Congress, the point under consideration will be determined by settling what is the nature of a plea of the statute of limitations. Is it a plea that settled the right of a party on a contract or judgment, or one that bars the remedy? Whatever diversity of opinion there may be among jurists upon this point, we think it well settled to be a plea to the remedy; and, consequently, that the *lex fori* must prevail."

In Townsend v. Jemison, 9 How. (U. S.) 407, the court again considered the question and fully and emphatically reaffirmed its previous decision. The court in that case said: "The rule in the courts of the United States, in respect to pleas of the statutes of limitation. has always been that they strictly affect the remedy, and not the merits. In the case of M'Elmoyle v. Cohen, 13 Pet. 312, this point was raised, and so decided. All of the judges were present and assented. The fullest examination was then made of all the authorities upon the subject, in connection with the diversities of opinion among jurists about it, and of all those considerations which have induced legislatures to interfere and place a limitation upon the bringing of actions.

"We thought then, and still think, that it has become a formulary in international jurisprudence, that all suits must be brought within the period prescribed by the local law of the country where the suit is brought—the *lex fori;* otherwise the suit would be barred, unless the plaintiff can bring himself within one of the exceptions of the statute, if that is pleaded by the defendant. This rule is as fully recognized in foreign jurisprudence as it is in the common law. We then referred to authorities in the common law, and to a summary of them in foreign juris-

prudence. Burge's Com. on Col. and For. Laws." * * *
"There is nothing in Shelby v. Guy, 11 Wheat. 316, in con-
flict with what this court decided in the four last-men-
tioned cases. Its action upon the point has been uniform
and decisive. In cases before and since decided in Eng-
land, it will be found there has been no fluctuation in the
rule in the courts there. The rule is, that the statute of
limitations of the country in which the suit is brought
may be pleaded to bar a recovery upon a contract made out
of its political jurisdiction, and that the limitation of the
*lex loci contractus* cannot be. 2 Bingham, New Cases,
202, 211; Don v. Lippman, 5 Clark & Fin. 1, 16, 17. It has
become, as we have already said, a fixed rule of the *jus
gentium privatum,* unalterable, in our opinion, either in
England or in the States of the United States, except by
legislative enactment."

The rule thus laid down by the Supreme Court of the
United States was recognized by the Supreme Court of
Florida as early as 1856.

"The general principle adopted by civilized nations is,
that the nature, validity and interpretation of contracts,
are to be governed by the *lex loci* of the country where
the contracts are made or are to be performed; but the
remedies are to be governed by the *lex fori."* Perry v.
Lewis, 6 Fla. 555.

Later decisions from other jurisdictions lay down the
same rule except where it has been changed by statute.
See Lamberton v. Grant, 94 Maine 508, 48 Atl. Rep. 127;
State Bank of West Pullman v Pease, 153 Wisconsin 9,
139 N. W. Rep. 767. Shaw v. Dickinson, — Okla. —, 164
Pac. Rep. 1150.

Plaintiff in error contends that Sec. 1726, General Stat-
uts of Florida, 1906, changes the well-settled rule, and in

an action brought in this State on a cause of action accruing in another State, the statute of limitations of the State where the cause of action accrued, will control.

Sections 1726 is a modification of the rule prevailing in the United States courts, and in nearly all State jurisdictions, but only to the extent expressly stated; that is, "When the cause of action has arisen in another State or Territory of the United States, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this State." Sec. 1726, Gen. Stats. of Florida, 1906.

Plaintiff in error asks that this statute be construed to mean, that if an action could be maintained against him in such State, the statute of limitations of Florida cannot be invoked. This we cannot do. It is clear that the Legislature intended to give a debtor against whom a cause of action accrued in other State or Territory, or in a foreign country, the benefit of statutes of limitations of those jurisdictions if they were shorter than that of this State. There is nothing in the statute from which we can conclude that the Legislature intended to deprive him of his privilege of pleading the Florida statute of limitations, even if the cause of action is not barred by these limitation statutes of any other State or Territory, or foreign State.

The demurrer to the replication to the first plea was properly sustained, and the judgment is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.