### 277 PARK AVE. CORP. v. SMYTH.

#### Civ. No. 163.

United States District Court
N. D. Florida, Gainesville Division.
July 31, 1952.

306

Lazonby, Dell, Graham & Mills, Gainesville, Fla., Rosston, Hort & Brussel, New York City, for plaintiff.

William B. Watson, Jr., Gainesville, Fla., for defendant.

DE VANE, Chief Judge.

This action was instituted by plaintiff on February 9, 1952 to recover damages in the amount of $1,952,270.60 against defendant as executrix of the estate of Cornelius J. Smyth, deceased. The action is based upon three claims arising out of losses plaintiff claims to have suffered as the result of tortuous acts of defendant's testator during the time he was acting and serving as voting trustee, director and president of plaintiff corporation.

Defendant filed an answer in which she admits she is a citizen of the State of Florida and executrix under the will of decedent; that said will was admitted to probate in the County Judge's Court, Alachua County, Florida and that all times prior to September 10, 1947 defendant's testator was a resident of the State of New York and from said date until the date of his death was a resident of the State of Florida. Except for these admissions and certain others not material to mention here, the answer denies all other allegations of the complaint.

Defendant also moved to dismiss the action upon nine separate grounds, but the first and eighth grounds only will be considered in this Memorandum Decision. By the first ground defendant moves to dismiss on the ground that the complaint fails to state a claim against this defendant upon which relief can be granted. The eighth ground asserts that it appears affirmatively from the allegations contained in the complaint that the causes of action asserted therein, and each of them, did not accrue within six years next preceding the commencement of this suit.

Plaintiff has already prosecuted litigation against other parties involving most of the questions raised in this suit, see 194 Misc. 417, 90 N.Y.S.2d 214; Id., 275 App. Div. 1028, 91 N.Y.S.2d 838 and 276 App. Div. 757, 92 N.Y.S.2d 920 and the extent of this litigation indicates clearly that the parties should not be put to the expense of a long drawn out trial here if this action is barred by the Statutes of Limitations.

In the brief filed by counsel for plaintiff in opposition to defendant's motion to dismiss this action counsel states "The claims and causes of action of plaintiff set forth in the complaint accrued at the earliest on August 19, 1941 when the five-year term of the voting trust expired and at the latest on September 23, 1943 when the five-year lease was made and entered into. All the claims and causes of action set forth in the complaint arose in the State of New York. Defendant's testator was a resident of the State of New York until on or about September 10, 1947 when he removed his place of residence to Florida." This statement of counsel for plaintiff summarizing the important dates to be considered in determining whether this action is barred by the Statutes of Limitations will be assumed as correct in every respect in passing upon this question. The pleadings in this case have been checked and support this statement of counsel for plaintiff.

As pointed out above ground eight of the motion to dismiss raises only the Statutes of Limitations of the State of New York and the Statutes of Limitations of the State of Florida are nowhere mentioned in the motion. However, ground one raised the question as to whether plaintiff states a cause of action upon which relief can be granted and this ground raises the question

of the Florida Statutes of Limitations, if applicable in this case. Berry v. Chrysler Corporation, 6 Cir., 150 F.2d 1002.

Counsel for plaintiff asserts and counsel for defendant admits that the New York Statute of Limitation applicable in this case is six years, Civil Practice Act, § 48. Section 19 of the Civil Practice Act of New York also provides that if a cause of action has accrued and after such an accrual defendant departs from the State and remains absent therefrom for a period of four months or more the time of his absence is not a part of the time limited for the commencement of an action against him in the State of New York.

As stated above all the claims upon which these causes of action are based accrued prior to September 24, 1943. Defendant's testator left the State of New York and established residence in Florida on September 10, 1947. The six-year Statute against these claims barred recovery thereon September 23, 1949 unless Section 19 of the New York Civil Practice Act is applicable to a suit brought on these claims in Florida as well as in New York. There is no doubt that the Florida Statute on this question governs. Holderness v. Hamilton Fire Ins. Co. of N. Y., D.C., 54 F.Supp. 145.

The Florida Statute reads as follows:

"95.10 Limitations upon causes of actions arising out of the state When the cause of action has arisen in another state or territory of the United States, or in a foreign country, and by the laws thereof an action cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this state."

■ Section 19 of the Civil Practice Act of New York which tolls the Statutes of Limitations during the absence of a resident from the State is made applicable only to actions commenced against him in the State of New York. The Florida Statute uses the expression "lapse of time" as defining the period after which no action may be maintained against a person in this State upon a cause of action arising out of the State. When Section 19 of the New York Civil Practice Act is read in conjunction with Section 95.10, F.S.A. it clearly appears to this court that the six-year limitation statute of New York was not tolled by said Section 19 in the suit brought in Florida and that the New York six-year limitation statute is applicable here.

■ However, the disposition of the motion, filed in this court, to dismiss does not entirely rest upon the applicability of the New York Statutes of Limitations. The general rule is that limitation of action is determined by the law of the forum where the action is brought. Holderness v. Hamilton Fire Insurance Co. of New York, supra.

The question here presented is controlled by the decision of the Supreme Court of Florida in Brown v. Case, 80 Fla. 703, 86 So. 684, 685. In that case the Supreme Court said:

"Plaintiff in error asks that this statute be construed to mean that, if an action could be maintained against him in such State, (where the cause of action accrued) the statutes of limitations of Florida cannot be invoked. This we cannot do. It is clear that the Legislature intended to give a debtor against whom a cause of action accrued in another state or territory, or in a foreign country, the benefit of statutes of limitations of those jurisdictions if they were shorter than that of this state. There is nothing in the statute from which we can conclude that the Legislature intended to deprive him of his privilege of pleading the Florida statute of limitations, even if the cause of action is not barred by these limitation statutes of any other state or territory, or foreign state".

The conclusion reached in the above cited case conforms to the general principles of the law governing the application of the Statutes of Limitations. They are intended to bring to an end the time when a party may be sued upon a cause of action accrued against him and to hold that a cause of action accruing against a party in one State never dies as long as he lives when he moves to another State is extending to such Statutes an interpretation never intended by the Legislature of Florida.

308

Section 95.11 F.S.A. prescribing the limitations upon actions other than real estate fixes a maximum of three years during which an action may be brought in Florida upon any of these claims here asserted by plaintiff. While the pleadings do not show specifically the date of the death of Cornelius J. Smyth it was stated upon argument before the court that he died in December, 1950 and counsel for plaintiff states, in their brief, that his will was admitted to probate in the County Judge's Court, Alachua County, Florida on January 9, 1951. It thus appears that defendant's testator had resided in Florida more than three years prior to his death and the claims here asserted against his estate were barred by the Florida Statute of Limitation when he died. See Section 95.11(5), F.S.A.

The court finds and holds that the pleadings on their face and admissions of counsel on argument in this case show that the causes of action stated in the complaint filed herein are all barred by the Statutes of Limitations of New York and Florida.

An Order will be entered accordingly dismissing this action.