118 So.2d 563 (1960)
Albert R. CASTORRI, Appellant,
v.
Otto E. MILBRAND and Mary Milbrand, Co-Partners, d/b/a Milbrand Construction Co., Appellees.
No. 1428.
District Court of Appeal of Florida. Second District.
March 9, 1960.
Thomas E. Lee, Jr., Miami, for appellant.
Robert C. Abel, Jr., Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellees.
ALLEN, Chief Judge.
This is an appeal by the plaintiff-appellant from the entry of a summary final judgment in favor of defendant-appellee. The plaintiff, Castorri, filed an amended complaint for damages resulting from breach, by the defendants, of an alleged oral contract whereby defendants were to employ plaintiff to manage defendants' construction firm for a term of five years. The defendants filed an answer denying that the alleged contract was for five years; that the plaintiff was dismissed for improper performance of his duties; and as an affirmative defense, alleged that the purported contract was void and unenforceable under sec. 725.01, Florida Statutes, F.S.A. Thereafter plaintiff's deposition was taken and a motion for summary judgment was filed by defendants on the ground that the alleged contract was executed in Michigan and under the law of Michigan it was invalid. The plaintiff's deposition and applicable Michigan statutes were filed in support of this motion. The lower court entered an order granting defendants' motion and subsequently entered summary final judgment in favor of defendant.
The plaintiff, as a master sergeant in the U.S. Army, was stationed in Rio de Janeiro in 1951 during which time he met the defendant Milbrand. Milbrand learned that plaintiff was desirous of leaving the Army and mentioned that plaintiff might like to work for defendant. After a series of letters and telephone calls, the plaintiff met with the defendant in Detroit, Michigan, in 1953, to further discuss the potential employment. The plaintiff returned to Brazil and after further correspondence, he was requested by defendant to come to Detroit but to stop in Fort Lauderdale and make some telephone calls in regard to some land that the defendant planned to purchase. The plaintiff performed the request and went on to Detroit. On January 18, 1954, in Detroit, the defendant hired plaintiff as general manager of a construction business to be set up in Fort Lauderdale. Under this oral agreement, plaintiff was to receive $7500 for the first year, $8500 for the second year, $10,000 for the third year, $12,000 for the fourth year, and $20,000 for the fifth year, all of which would be paid in monthly installments.
*564 After the agreement was made on January 18, 1954, the defendant went to Fort Lauderdale to conduct negotiations for the acquisition of property for the proposed construction company. The plaintiff remained in Detroit and collected information from the F.H.A. and other parties in regard to how to administer the residence construction business which plaintiff was to manage for defendant in Florida. The plaintiff and defendant again met in Detroit during February, 1954, and discussed the progress of the proposed business. It appears that plaintiff went on defendant's payroll sometime during the Fall of 1954, in Fort Lauderdale, and continued to perform general managerial duties of the defendant construction company until April 26, 1956, at which time the defendant Milbrand fired him.
The plaintiff in his complaint sought all unpaid salary for the balance of the five year contract. The defendant admitted paying plaintiff $7500 the first year and was paying plaintiff on an $8500 a year basis when plaintiff was dismissed.
The defendants, in their motion for summary judgment, alleged that plaintiff's deposition shows that the oral agreement was entered into in Detroit; that the contract is to be therefore governed by the laws of Michigan; and that since the law of Michigan declares such agreement void, the defendants are entitled to judgment as a matter of law. The lower court in its order granting the summary judgment for defendant stated that plaintiff agreed that the contract was made in Michigan; that under Michigan statutes the contract is void; and that, therefore, the only question before the court is whether the law of Michigan or Florida governs the interpretation and validity of the contract. The court went on to hold that the law of Michigan governs the validity and construction of the contract since the contract was made in Michigan. The plaintiff then filed this appeal contending that the law of Florida should apply in determining the validity of the subject contract.
We, therefore, have the situation of the parties to the litigation entering into an oral contract in Michigan whereby the defendant was to employ the plaintiff for five years, at specified progressive annual salaries, in Florida. The plaintiff remained in Michigan after entering into this contract and performed certain work which lasted for several weeks, whereupon he continued his employment in the State of Florida. If the law of Michigan is applied, the plaintiff is not entitled to recover. The Statute of Frauds of the State of Michigan, Laws of the State of Michigan, C.L. 1948, § 566.132, Stat.Ann. 1953 Cum.Supp. § 26.922, provides:
"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is
"1. Every agreement that, by its terms, is not to be performed in 1 year from the making thereof."
The Supreme Court of Michigan has construed the above provision of their statute in the case of McGavock v. Ducharme, 192 Mich. 98, 158 N.W. 173, 174, wherein it held after comparing statutes of frauds which had been declared procedural as compared to statutes of frauds which had been declared to be substantive:
"The statute under consideration is one of the latter kind, and in the early case of Abell v. Munson, 18 Mich. 306, 100 Am.Dec. 165, such a statute was held to render contracts coming within its provisions absolutely void. This rule has not been departed from in Michigan. See Ball v. Harpham, 140 Mich. 661, 104 N.W. 353, and the many cases cited in the note appended to section 11399, How.Stat. 1913."
See also Krause v. Boraks, 1954, 341 Mich. 149, 67 N.W.2d 202. Under the law *565 of Michigan, it is manifest that the instant suit could not have been maintained in that state.
No area in the field of Conflict of Laws is more confused than that concerning the general validity of contracts such as is presented in the instant case. When substantive rules of law are in question it becomes necessary to determine where the last act necessary to the completion of the contract was done. Leeflar, the Law of Conflict of Laws, section 122. Since the locus of the contract is not in dispute in the instant case, the sole remaining question is which state law is applicable. The Supreme Court of the United States has laid down the following rules in reference to the law governing contracts in cases in which the place of making and the place of performance are not the same: (1) matters bearing upon the execution, interpretation, and validity are determined by the law of the place where the contract is made; (2) matters connected with the performance are regulated by the law of the place where the contract by its terms is to be performed; and (3) matters relating to procedure depend upon the law of the forum. Scudder v. Union National Bank, 1876, 91 U.S. 406, 23 L.Ed. 245.
The Florida Supreme Court has held that the nature, validity, and interpretation of contracts are governed by the laws of the country where the contracts are made or are to be performed. See Perry v. Lewis, 1856, 6 Fla. 555; Brown v. Case, 1920, 80 Fla. 703, 86 So. 684. The Florida Supreme Court has, however, cited with approval the Scudder v. Union National Bank case, supra. See Walling v. Christian & Craft Grocery Co., 1889, 41 Fla. 479, 27 So. 46, 47 L.R.A. 608.
It is noted in 11 Am.Jur., Conflict of Laws, section 116, that the trend among the authorities and treatises is toward accepting the law of the place of making as governing the validity and construction of a contract. This rule has the logical basis of affording a single and definitely ascertainable set of laws to govern the contract which can be known by the contracting parties in advance of entering into the contractual relationship. In addition to the logical and practical basis for this rule, it is fundamental that the forum court should determine the place of the consummation of the alleged contract and whether under the state of the law of which reference is made to ascertain whether there is a valid contract. Restatement of Laws, Conflict of Laws, sec. 311.
In Walling v. Christian & Craft Grocery Co., 41 Fla. 479, 27 So. 46, 49, 47 L.R.A. 608, an appeal had been taken on the question of whether the appellant could claim in Florida the status of a femme sole to the extent accorded to her under the Alabama Statute by a decree of a chancery court in that state under an Alabama enabling act. The Florida Supreme Court stated in regard to whether Alabama or Florida law was applicable:
"* * * It was decided in Scudder v. Union National Bank, 91 U.S. 406, 23 L.Ed. 245, that matters bearing upon the execution, interpretation, and validity of a contract are determined by the law of the place where it is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy depend upon the law of the place where the suit is brought. See, also, Ruhe v. Buck, 124 Mo. 178, 27 S.W. 412, 25 L.R.A. 178; Bank of Louisiana v. Williams, 46 Miss. 618. After a thorough examination of the authorities, Story concludes as follows (Confl.Laws, § 103): `Hence we may deduce, as a corollary, that in regard to questions of minority or majority, competency or incompetency to marry, incapacities incident to coverture, guardianship, emancipation, and other personal qualities and disabilities, the law of the domicile of birth, or the law of any other acquired and fixed domicile, is not generally to govern, but the lex *566 loci contractus aut actus,  the law of the place where the contract is made or the act done. * * *'"
The court, therefore, adheres to the above statement that the law of the place where the contract was made determines the validity of the contract in the instant case. Having noted that the statute of frauds of Michigan has been interpreted as making satisfaction of the statute essential to the binding character of the promise, and no action can be maintained on an oral promise there made in that state, we accordingly hold that such an action cannot be maintained in Florida on the oral contract entered into in Michigan.
For the reasons assigned herein, the judgment of the lower court is affirmed.
Affirmed.
KANNER and SHANNON, JJ., concur.