292 So.2d 585 (1974)
Morry WINGOLD and W & G Holdings Limited, Petitioners,
v.
Bernard H. HOROWITZ et al., Respondents.
No. 43713.
Supreme Court of Florida.
March 13, 1974.
Rehearing Denied April 29, 1974.
Shalle Stephen Fine, Miami, for petitioners.
Albert George Siegel, Miami, for respondents.
McCAIN, Justice.
This cause is before this Court from a timely petition for writ of certiorari to the District Court of Appeal, Third District. We have jurisdiction pursuant to Florida Constitution, Article V, Section 3(b)(3), F.S.A.
The case arose from a question of the application of foreign law to the purchase and/or sale of certain real property located in the Bahamas.
Respondent, a resident of Dade County and owner of several corporations, had invested $190,000 in Bon Accord Tract in the Bahamas. By the end of 1970, he had sold 83 of the 460 lots of the tract through his corporations. He had agreed to purchase the tract for an additional $150,000 from its owner, Ideal Investment Ltd.
The respondent decided to obtain the additional investment from another investor and began negotiating with the petitioner, a resident of Canada. On February 16, 1971, the petitioner and respondent reached an agreement and executed a contract  in the Bahamas. Under the contract, Nassau Oaklands Ltd. was to purchase the tract with $200,000 to be advanced by petitioner. In return for this sum, petitioner was to receive a mortgage for $200,000 at 9% interest. Respondent was to assign to Nassau the accounts receivable on the 83 lots which had been sold and receive 10% for maintaining them. Nassau was to pay $50,000 for these accounts, evidenced by a promissory note. Respondent was also to *586 handle the sale of the remaining lots and receive 45% of the sales price.
The ownership of Nassau was to be divided, with petitioner receiving 51% and the respondent receiving 49%. When the mortgage was paid off, the ownership was to be divided 50-50. As security for the petitioner's loan, respondent gave his personal guarantee secured by the assignment of a note and a pledge of the accounts receivable of one of his corporations.
The first payment of the mortgage was due on March 16, 1971, but was not paid. As a result of the default, petitioner instituted the present action. In its order, the circuit court stated:
"(16) The Bahamas law was pled and proven in this cause. The contracts in question were drawn and executed in Nassau. Both parties have taken the position that the Bahamas law governs this cause and the Court specifically so holds." (Emphasis added.)
Applying the law of the Bahamas, the circuit court cancelled the mortgage and promissory note of Nassau, split the stock 52%-48%, and continued a receivership. On appeal, the District Court affirmed in part reversing on the 52%-48% split, changing it to a 50-50% split.
The only point raised for consideration concerns the application of the law of the Bahamas. It is petitioner's position that the validity and interpretation of contracts is governed by the law of the lex loci  the Bahamas  but that the remedies are to be governed by the law of the lex fori  Florida.
It is the well established rule in Florida that the affording of remedies in one state for enforcing a contract made in another state (or country) depends upon judicial comity, and as such, the remedies and procedure are governed exclusively by the lex fori.
"The rule thus laid down by the Supreme Court of the United States was recognized by the Supreme Court of Florida as early as 1856.
"[1] `The general principle adopted by civilized nations is, that the nature, validity and interpretation of contracts, are to be governed by the lexi loci of the country where the contracts are made or are to be performed; but the remedies are to be governed by the lexi fori.' Perry v. Lewis, 6 Fla. 555."[1]
In the consideration of this choice of law question, apart from the principle of comity, there does not exist the same reason for looking to the intent of the parties in the case of the remedy as in matters pertaining to substance. The parties do not necessarily look to the remedy when they make the contract.
The circuit court in entering its decree, interpreted that provision of the contract selecting the choice of law to be applied as binding the parties to both the substance and remedial law of the Bahamas. Under this interpretation the Court then incorrectly applied the Bahamian remedial statute.[2]
Under the doctrine advanced, the trial court, after determining the validity of the contract under the applicable provisions of the Bahamian substantive law, was then required to apply the remedial law of the lex fori which in this case is the applicable remedial law of Florida.[3]
*587 We therefore reverse and remand for further proceedings consistent herewith.
It is so ordered.
ADKINS, C.J., and ERVIN, BOYD and DEKLE, JJ., concur.
NOTES
[1] Brown v. Case, 80 Fla. 703, 86 So. 684, 685 (Fla. 1920).
[2] Chapter 112, Statute Law of the Bahamas, 1965 Ed.
[3] See also Fincher Motors, Inc. v. Northwestern Bank & Trust Co., Fla.App. 1964, 166 So.2d 717, which, even though involving a chattel, the Third District Court of Appeal stated as follows:

"Florida follows the general rule that the nature, validity and interpretation of contracts are governed by the laws of the state or country where the contracts are made or to be performed. Matters of procedure and remedy in the enforcement of contracts depend upon the forum or the place where suit is brought... ."