393 So.2d 1205 (1981)
Robert L. STRAUSS, Appellant,
v.
Paul C. SILLIN, As Personal Representative of the Estate of Annie Grace R. Sillin, Deceased, Appellee.
No. 80-308.
District Court of Appeal of Florida, Second District.
February 18, 1981.
Michael A. Linsky of Linsky & Reiber, P.A., Tampa, for appellant.
Roland F. Cribbs, Tampa, for appellee.
CAMPBELL, Judge.
Robert Strauss, the defendant below, appeals from an adverse final summary judgment which awarded the appellee $71,500 plus interest from May of 1959 at a rate of three percent per year. Strauss submits that the trial court should have followed Brown v. Case, 80 Fla. 703, 86 So. 684 (1920). We agree.
In 1959 Annie Sillin sold Strauss all of the issued and outstanding shares of common stock in Atlanta Development Company, a Georgia corporation, for part cash and a series of ten negotiable promissory notes having a face amount of $8,000 each. The notes were executed, delivered, due and defaulted in Georgia.
Strauss timely satisfied the first note and made a payment of $500 on the second. He defaulted on the partial note and the other notes and remained in default.
Appellee sought to collect the money owed by bringing suit against Strauss in Florida where Strauss had been residing in excess of five years. Strauss' residence in *1206 Florida is Florida's only connection with this case.
The Florida statute of limitations for bringing an action on a contract founded on a written instrument provides that the action must be brought within five years. § 95.11(2)(b), Fla. Stat. (1978). The applicable Georgia statute of limitations provides that the action must be brought within twenty years. Ga.Code § 3-703, (Supp. 1855). More than five but less than twenty years have passed since Strauss defaulted on these notes, accelerating the balance due, and the parties dispute which state's statute of limitations applies to this action.
The trial court determined that Georgia's twenty-year statute of limitations applies and entered summary judgment for the appellee.
We agree with Strauss that Brown v. Case controls and requires reversal. In Brown the defendant executed in New York certain promissory notes which were also payable in New York. The defendant defaulted in payment and was later located in Florida where he was then residing. Accordingly, the plaintiff filed suit in Florida. The action was barred by Florida's statute of limitations, but not New York's. The court found that:
It seems well settled, in the absence of a statute to the contrary, that suits on contracts must be brought within the period prescribed by the law of the state where the suit is instituted, otherwise they will be barred, and that in considering the effect of a statute of limitations the lex fori and not the lex loci contractus governs.
86 So. at 684. There were no statutes to the contrary in Florida then, nor are there any now.
The appellee argues that Brown no longer presents a valid rule because of the passage of time. We disagree, the rule presented in Brown has been relied on as recently as 1966 in Aviation Credit Corp. v. Batchelor, 190 So.2d 8 (Fla. 3d DCA 1966). It is currently followed by the majority of the courts in this country as is evidenced by Annot., 78 A.L.R.3d 639 (1977).
A statute of limitations is generally regarded as being procedural in character because it affects the remedy. In conflict of laws situations, matters of procedure are generally resolved by the law of the state in which the action has been instituted.
Accordingly, the final summary judgment is vacated, and the case is remanded for treatment consistent with this opinion.
HOBSON, Acting C.J., and GRIMES, J., concur.