536 So.2d 270 (1988)
Juan Dalmau RODRIGUEZ and Roberto Acevedo Rios, Appellants,
v.
PACIFIC SCIENTIFIC Company, a Foreign Corporation, and McDonnell Douglas Helicopter, Inc., a Foreign Corporation, Appellee.
No. 87-2873.
District Court of Appeal of Florida, Third District.
November 29, 1988.
Rehearing Denied February 7, 1989.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and S. Daniel Ponce and Michael A. Hanzman and Sally R. Doerner, for appellants.
*271 Stearns Weaver Miller Weissler Alhadeff & Sitterson, for appellee Pacific Scientific Co.
Mandel and Weisman and Williams S. Weisman and Barry J. Clyman, Ft. Lauderdale, for appellee McDonnell Douglas Helicopter Co.
Before HUBBART and FERGUSON, JJ., and DOWNEY, JAMES C., Associate Judge.
FERGUSON, Judge.
The appellants contend that if a tort cause of action is not barred by limiting statutes of a state or territory of the United States where the action "arose," it may be maintained in Florida where the defendants conduct business, even though the action is barred by Florida's statutes of limitation. We disagree and affirm.
Appellants Rodriguez and Rios were passengers in a helicopter which crashed in a sugar-cane field in Puerto Rico, causing them severe injuries. Within the one-year statute of limitations period provided by Puerto Rican law the appellants filed an action in federal court against the helicopter manufacturer, McDonnell Douglas, and the seat belt manufacturer. The district court dismissed the suit for lack of personal jurisdiction and the United States Court of Appeals for the First Circuit affirmed that ruling on January 9, 1986. On December 31, 1986, the plaintiffs filed suit in Dade County. It is undisputed that the action is not time-barred under Puerto Rico's limitations period, which is tolled by the filing of a lawsuit. The action is barred, however, under Florida's four-year statute of limitations for tort actions. At the hearing on Pacific Scientific's motion to dismiss and McDonnell Douglas Helicopter's motion for judgment on the pleadings, the appellants argued that because Puerto Rico is the state with the most significant relationship to the occurrence and the parties, the action arose in Puerto Rico, thus, Puerto Rico's limitations statute controls. The trial court rejected the argument and ruled that the action was untimely under Florida's statute of limitations.
Bates v. Cook, 509 So.2d 1112 (Fla. 1987), relied upon by the appellants, did not overrule Brown v. Case, 80 Fla. 703, 86 So. 684 (1920), which holds that in the absence of a statute to the contrary, suits must be brought within the period prescribed by the law of the state where the suit is instituted.
In Bates the question was whether the borrowing statute, section 95.10, Florida Statutes (1985),[1] bars actions brought in Florida which arise outside the State of Florida and which are time-barred in the jurisdiction where the cause of action arose.[2] Without explicitly addressing the question presented by this appeal, the supreme court answered the issue presented in the affirmative. The threshold presumed and distinguishing fact was that the cause was not barred by Florida's limiting statutes.
Our holding here is consistent with the 1986 revision to the Restatement (Second) of Conflict of Laws, section 142, cited with approval by the Bates court. The revision provides:
An action will be maintained if it is not barred by the statute of limitations of the forum unless the action would be barred in some other state which, with respect to the issue of limitations, has a more significant relationship to the parties and the occurrence.
Bates, 509 So.2d at 1114 (emphasis added).
Where a tort cause of action filed in Florida, which arose in some other state or United States territory, is time-barred by Florida's limiting statutes, the borrowing statute is inapplicable. In that case, there is no need to address the question whether *272 the cause of action is also time-barred in the state or territory where it arose.
AFFIRMED.
NOTES
[1] Section 95.10 causes of action arising out of the state:

When the cause of action arose in another state or territory of the United States, or in a foreign country, and the laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.
[2] Where a cause of action arises is determined by the significant relationship test. See Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980).