679 So.2d 1188 (1996)
The TRAVELERS, Appellant,
v.
Carling BOYLES, et al., Appellees.
No. 95-1575.
District Court of Appeal of Florida, Fourth District.
July 3, 1996.
Julie E. Yates of Jacobson and Peterson, Hollywood, for appellant.
*1189 David J. Sales of Searcy, Denney, Scarola, Barnhart & Shipley, West Palm Beach, for appellees.
KLEIN, Judge.
After we had written the opinion which follows, we discovered that several months prior to the Boyles' filing their motion for discharge of lien, the personal injury case in which they filed it had been dismissed with prejudice. The trial court accordingly lacked jurisdiction to enter the order discharging the lien which is being appealed. We have decided to publish our opinion despite that fact, since it may save the parties from having to start from scratch.
Travelers, a health insurer, appeals an order determining it is not entitled to reimbursement for payments for medical expenses it paid as the result of the Boyles' automobile accident.
The issue arises in a suit by the Boyles against State Farm, their own automobile insurer, for uninsured motorist coverage. After the Boyles and State Farm settled, Travelers wrote the Boyles' counsel asserting that it was entitled to a lien in the amount of the medical expenses it had paid because of the accident. The Boyles' counsel responded by filing a motion in the UM case to discharge any lien of Travelers, arguing that Travelers' claim was barred by Florida's uninsured motorist and collateral source statutes. Travelers responded with a memorandum of law, and the court ruled as a matter of law that Travelers' claim was statutorily barred.
The Travelers' policy is not in the record. The memorandum of law filed by Travelers' in the trial court stated that the policy provided in part:
If The Travelers pays health benefits for expenses incurred on account of you or your Dependent, you or any other person or organization that was paid must make a refund to the Travelers if:
All or some of the expenses were recovered from or paid by a source other than this Plan. This may include payments made as a result of claims against a third party of negligence, wrongful acts or omissions.
The first statute under which the Boyles argue that Travelers is not entitled to reimbursement is section 768.76(4), Florida Statutes (1993), which provides in part:
A provider of collateral sources that has a right of subrogation or reimbursement that has complied with this section shall have a right of reimbursement from a claimant to whom it has provided collateral sources if such claimant has recovered all or part of such collateral sources from a tortfeasor. (emphasis added.)
The Boyles argue that State Farm, their UM insurer, is not a tortfeasor, and therefore Travelers is not entitled to reimbursement. Travelers responds that it is not seeking reimbursement under the statute, but rather under its policy. The statute begins with language limiting its applicability to actions in which "liability is admitted or is determined by the trier of fact and in which damages are awarded." § 768.76(1). We thus agree with Travelers that the statute, although providing how collateral sources are treated under some circumstances, is inapplicable here. Clearly it is not the exclusive method for a health insurer to seek reimbursement pursuant to a policy provision.
The Boyles also rely on the following emphasized provisions in section 627.727(1), Florida Statutes (1993), our UM statute:
The coverage described under this section shall be over and above, but shall not duplicate, the benefits available to an insured under any workers' compensation law, personal injury protection benefits, disability benefits law, or similar law; under any automobile medical expense coverage; under any motor vehicle liability insurance coverage; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident; and such coverage shall cover the difference, if any, between the sum of such benefits and the damages sustained, up to the maximum amount of such coverage provided under this section. The amount of coverage *1190 available under this section shall not be reduced by a setoff against any coverage, including liability insurance. (emphasis added).
The reimbursement provision in this policy does not violate the statute because it does not reduce or affect UM coverage. Rather, it reduces the coverage under the health insurance policy.
A health insurer's right to provide that it will be reimbursed for payments it has made for medical expenses, where an insured recovers those losses from another source, is well established. Blue Cross & Blue Shield of Florida, Inc. v. Ryder Truck Rental, Inc., 498 So.2d 423 (Fla.1986). The Boyles have not cited any authority to the effect that a reimbursement provision in a health insurance policy, if properly worded, cannot be activated by a recovery on a UM claim. The broad language apparently contained in this policy would cover UM claims. See Dailey v. Secura Ins. Co., 164 Wis.2d 624, 476 N.W.2d 299 (App.1991), rev. denied, ___ Wis.2d ___, 479 N.W.2d 172 (1991).
The order which is the subject of this appeal is vacated for lack of jurisdiction.
GUNTHER, C.J., and GLICKSTEIN, J., concur.