870 So.2d 65 (2003)
Anna K. OSLER, Appellant/Cross-Appellee,
v.
Ruth COLLINS, Appellee/Cross-Appellant.
No. 2D02-934.
District Court of Appeal of Florida, Second District.
November 14, 2003.
*66 Curtright C. Truitt, Kamila A. Losey, and Keith Kyle of Curtright C. Truitt, P.A., Fort Myers, for Appellant/Cross-Appellee.
Bruce L. Scheiner of Associates & Bruce L. Scheiner, Fort Myers, and Thomas M. Pflaum, Micanopy, for Appellee/Cross-Appellant.
NORTHCUTT, Judge.
This case began with an automobile accident in which Ruth Collins was injured. Collins was a passenger in a car owned and driven by Anna Osler. Collins sued Osler and received a jury verdict for her medical expenses and pain and suffering. Osler has voluntarily dismissed her appeal. Therefore, only Collins's cross-appeal remains pending. Collins claims that the trial court erred in setting off from her recovery amounts that Osler's insurer, Hastings Insurance Company, previously paid Collins under the policy's personal injury protection coverage. We agree that the trial court erred and reverse.
Osler and Collins both live part-time in Florida. Osler's main residence is in Michigan, and her insurance policy was issued in that state and complies with Michigan law. The policy has no maximum dollar limitation for medical expenses under the PIP coverage, and the insurer must pay all reasonable and necessary medical expenses incurred. At the time of the accident, Collins did not own a vehicle and had no automobile coverage of her own. As a passenger in Osler's car, she received first-party PIP benefits from Osler's insurer, Hastings.
The jurors awarded Collins $188,000 for past medical expenses, $12,000 for future medical expenses, $70,000 for past pain and suffering, and $70,000 for future pain and suffering, for a total verdict of $340,000. They also found that she was *67 ten percent comparatively negligent. The trial court reduced the verdict by the percentage of Collins's comparative negligence. It then set off $169,574.16 for medical bills Hastings had paid pursuant to the PIP policy and entered a judgment against Osler for $136,425.84, plus taxable costs.
Collins argues that because the Hastings policy was issued in Michigan, that state's law should control the manner in which Hastings may recover the benefits it paid her. The policy was issued in Michigan and incorporates Michigan law, so we construe the terms of the insurance contract under the law of that state. See Sturiano v. Brooks, 523 So.2d 1126, 1128-29 (Fla.1988). But this case involves an automobile accident that occurred in Florida. The trial took place in a Florida court and Florida law governed Collins's negligence claim against Osler. Hastings's remedy, recovery against Collins's judgment for medical payments, is controlled by the law of the forum, Florida. See Wingold v. Horowitz, 292 So.2d 585, 586 (Fla.1974) (noting the well established rule in Florida that "remedies and procedure are governed exclusively by the lex fori"); Brown v. Case, 80 Fla. 703, 86 So. 684, 685 (1920); see also Restatement (Second) of Conflicts of Law §§ 122, 585 (1971).
In order to determine which Florida statute controls Hastings's recovery, we must examine the terms of Osler's automobile policy. The general provisions state that Hastings has a right of reimbursement if it makes "a payment under [the] policy and the person to or for whom payment is made recovers damages from another...." In the section addressing PIP coverage, that right of reimbursement is "subject to any applicable limitations in the Michigan Insurance Code." Section 500.3116(2), Michigan Compiled Laws (1956), states:
A ... reimbursement for personal protection insurance benefits paid or payable under this chapter shall be made only if recovery is realized upon a tort claim arising from an accident occurring outside this state.... If personal protection insurance benefits have already been received, the claimant shall repay to the insurers out of the recovery a sum equal to the benefits received, but not more than the recovery exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery. The insurer shall have a lien on the recovery to this extent.
Section 500.3116 of the Michigan statutes is similar to older versions of Florida's personal injury protection statute. See § 627.736(3), Fla. Stat. (1971) (providing a PIP insurer rights of reimbursement and indemnification). The present Florida PIP statute states that "in all cases in which a jury is required to fix damages, the court shall instruct the jury that the plaintiff shall not recover such special damages for personal injury benefits paid or payable." § 627.736(3), Fla. Stat. (2000). The jury was not so instructed in the trial below because the Florida PIP statute does not apply in this case. Hastings's policy did not insure a vehicle registered in Florida, § 627.723, .736(1). Moreover, by incorporating Michigan law into its policy, Hastings has the right to a lien on a claimant's recovery from a tortfeasor. Cf. § 627.736(3) ("No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits....").
Although the Florida PIP statute does not apply, Hastings is a collateral source provider as defined in section 768.76(2)(a), Florida Statutes (2000). See also Olson v. N. Cole Constr. Inc., 681 So.2d 799, 800 (Fla. 2d DCA 1996). Because the policy contains a right of reimbursement, section *68 768.76(4) controls. Under that subsection, a provider's right of reimbursement
shall be limited to the actual amount of collateral sources recovered by the claimant from a tortfeasor, minus its pro rata share of costs and attorney's fees incurred by the claimant in recovering such collateral sources from the tortfeasor. In determining the provider's pro rata share of those costs and attorney's fees, the provider shall have deducted from its recovery a percentage amount equal to the percentage of the judgment or settlement which is for costs and attorney's fees.
The trial court treated Hastings as a collateral source provider but nevertheless erred when setting off Hastings's payments to Collins. Instead of proceeding under section 768.76(4), quoted above, the court apparently applied section 768.76(1). But that subsection does not pertain where, as here, the collateral source provider has a right of reimbursement. § 768.76(1) ("[T]here shall be no reduction for collateral sources for which a subrogation or reimbursement right exists."). The difference between section 768.76(1) and 768.76(4) is that the former adjusts the claimant's damages award, whereas the latter adjusts the amount of the collateral source provider's reimbursement. Compare § 768.71(1) (providing that "the court shall reduce the amount of [the claimant's] award by the total of all amounts which have been paid for the benefit of the claimant... from all collateral sources"), with § 768.76(4) (stating a collateral source provider's "right of reimbursement shall be limited to the actual amount of collateral sources recovered").
Here, the circuit court reduced the verdict by Collins's percentage of negligence, then subtracted the collateral source payment and entered judgment for that amount. That is the procedure for reduction of the award under section 768.76(1), but it was not the correct calculation in this case. Under section 768.76(4), which applies here, Osler was entitled to her full judgment, against which Hastings could claim reimbursement calculated in the following way. First, the court must determine the amount of the collateral sources Collins recovered from Osler. This is calculated by reducing the amount Hastings paid, $169,574.16, by ten percent for Collins's comparative negligence, yielding a subtotal of $152,616.74. The court must then reduce that amount by forty percent, the contingency fee percentage Collins's lawyers charged her, which reduces Hastings's reimbursement to $91,570.05. After that, the court must determine what costs are chargeable, pro rate those costs, and subtract the appropriate amount from Hastings's reimbursement. See, e.g., Sutton v. Ashcraft, 671 So.2d 301, 302 (Fla. 5th DCA 1996).
We reverse the judgment and remand for further proceedings in accordance with this opinion. We reject Collins's contention that the trial court erred in establishing the amount of the collateral source payments as $169,574.16, and we affirm that finding without further discussion.
Affirmed in part, reversed in part and remanded.
ALTENBERND, C.J., and KELLY, J., Concur.