MORRIS, Judge.
 

 Gerald Ham’s health insurer, United-Healthcare, paid almost all of Ham’s medi
 
 *950
 
 cal bills relating to a medical procedure that ultimately resulted in his death. After settling with the medical providers in a medical malpractice lawsuit, Ham’s estate (the Estate) contended that it was only required to reimburse UnitedHealthcare a reduced amount according to the formula set out in section 768.76(4), Florida Statutes (2008). We must decide whether section 768.76(4) applies to limit United-Healthcare’s reimbursement out of the Estate’s settlement with the tortfeasors when language in the insurance policy provides for full reimbursement to United-Healthcare in the case of such a settlement. We hold that section 768.76(4) controls, and we affirm the final order of the trial court limiting UnitedHealthcare’s reimbursement under section 768.76(4).
 

 In 2004, Ham suffered complications from an elective laparoscopic gastric bypass procedure, which resulted in his death. According to its policy with Ham, UnitedHealthcare paid almost all of Ham’s medical expenses in the total amount of $154,075.46. The Estate filed a complaint for medical malpractice against the medical providers involved in Ham’s care during and after the procedure and, through two settlements, recovered a total amount of $1,150,000. The Estate filed a motion for equitable distribution, seeking a determination from the trial court that under the formula set forth in section 768.76(4), the Estate owed UnitedHealthcare only $81,660 of the $154,075.46 after taking into account UnitedHealtheare’s pro rata share of costs and attorney’s fees incurred by the Estate in obtaining the settlements. Inge-nix, UnitedHealthcare’s recovery agent, argued in response that UnitedHealthcare is entitled to full reimbursement based on a provision in the insurance policy that provides for reimbursement in full from any settlement recovery. The trial court ruled in favor of the Estate on this issue, and Ingenix appealed.
 

 Section 768.76(4) provides that a collateral source provider that has a right of reimbursement, such as UnitedHealthcare, “shall have a right of reimbursement from a claimant to whom it has provided collateral sources if such claimant has recovered all or part of such collateral sources from a tortfeasor.” It also provides that
 

 [s]uch provider’s right of reimbursement shall be limited to the actual amount of collateral sources recovered by the claimant from a tortfeasor, minus its pro rata share of costs and attorney’s fees incurred by the claimant in recovering such collateral sources from the tortfea-sor. In determining the provider’s pro rata share of those costs and attorney’s fees, the provider shall have deducted from its recovery a percentage amount equal to the percentage of the judgment or settlement which is for costs and attorney’s fees.
 

 Id.
 

 In seeking equitable distribution in the trial court, the Estate represented that it incurred $543,922.07 in attorney’s fees and costs, which equaled 47% of the settlement amount. UnitedHealthcare’s reimbursement claim of $154,075.46 was thus subject to reduction by 47%, resulting in United-Healthcare’s being entitled to only $81,660 in reimbursement. Counsel for the Estate later reduced his fees by 16%, thereby decreasing the reduction percentage under section 768.76(4) and increasing the total reimbursement amount to $86,282.25.
 

 Ingenix relies on
 
 Travelers v. Boyles,
 
 679 So.2d 1188 (Fla. 4th DCA 1996), for the proposition that section 768.76 only applies to claims arising out of reimbursement rights not founded on a contract. In
 
 Travelers,
 
 679 So.2d at 1189, a health insurer paid medical expenses on behalf of its insured and sought full reimbursement from a settlement the insured received
 
 *951
 
 from his uninsured motorist carrier. The insured argued that the health insurer’s claim was barred by section 768.76(4) because the uninsured motorist carrier is not a tortfeasor under section 768.76(4). The health insurer argued that it was “not seeking reimbursement under the statute, but rather under its policy.” 679 So.2d at 1189. The Fourth District held that the statute was not applicable in that case (because the uninsured motorist carrier was not a tortfeasor as required by the statute) but that the statute “is not the exclusive method for a health insurer to seek reimbursement pursuant to a policy provision.”
 
 Id.
 

 [1]
 

 According to the holding in
 
 Travelers,
 
 where the statute is not implicated, a policy provision may allow for full reimbursement.
 
 Travelers
 
 does not stand for the proposition that a policy provision controls when section 768.76(4) is otherwise applicable.
 

 The statute is clearly implicated here. This case presents the exact scenario section 768.76(4) was designed to address. In
 
 Osler v. Collins,
 
 870 So.2d 65, 67-68 (Fla. 2d DCA 2003), this court held that where an insurance policy contains a right of reimbursement, as here, section 768.76(4) applies and requires a reduction of the amount of the insurer’s reimbursement by its pro rata share of costs and attorney’s fees.
 

 The trial court in this case properly applied section 768.76(4) to determine the amount of reimbursement owed to Ingenix on behalf of UnitedHealtheare. We therefore affirm the final order on appeal.
 

 Affirmed.
 

 WALLACE and CRENSHAW, JJ., Concur.
 

 [1]
 

 . We question the apparent conclusion in
 
 Travelers,
 
 also relied upon by Ingenix, that section 768.76(4)’s application is limited — by the language in section 768.76(1) — “to actions in which 'liability is admitted or is determined by the trier of fact and in which damages are awarded.' " 679 So.2d at 1189. In
 
 Osier v. Collins,
 
 870 So.2d 65, 68 (Fla. 2d DCA 2003), this court addressed the difference between subsections (1) and (4) and noted that each subsection applies separately in different factual scenarios, depending on whether a right of reimbursement exists. We agree with the holding in
 
 Travelers
 
 that subsection (4) did not apply to the factual scenario in that case because the uninsured motorist carrier was not a tortfeasor but not because subsection (1) limits the application of subsection (4).