POLEN, Judge.
This appeal is from two final judgments awarding damages against Alex R. Cohen, D.O., and Alex R. Cohen, D.O., P.A., in a medical malpractice action. In the first judgment, the jury found Dr. Cohen 75% negligent in his treatment of Mr. Frank Scarnato while he was a resident at the Colonial Palms Nursing Home. The jury *900 determined that the amount of damages for past medical expenses was $42,000 and that past non-economic damages amounted to $110,000, for a total of $152,000. Accordingly, Dr. Cohen was required to pay Maria S. Richter as guardian of Frank Scarnato $114,-150 (his 75% of the damages) plus costs in the amount of $10,265.44.
The nursing home was found to be 25% at fault. It had previously settled with Maria Richter for $103,738.36. Defense counsel argued below that the $152,000 verdict should be set off by the amount of this prior settlement in accordance with footnote three of Fabre v. Marin, 623 So.2d 1182, 1186 (Fla.1993), rather than apportioning damages in accordance with the percentages of fault as determined by the jury.
The second judgment appealed from awarded damages to Frank Scamato’s wife, Norene Scarnato, in the amount of $10,000. Dr. Cohen was again liable for 75% of this amount, or $7,500. Dr. Cohen also argued below that there should have been a set off of the $50,000 that Norene Scarnato had previously received as part of a settlement with Colonial Palms. It is from these two judgments that Dr. Cohen now appeals, arguing that there should have been a set off in accordance with footnote three of Fabre. We hold that in accordance with .the supreme court’s decision in Wells v. Tallahassee Memorial Regional Medical Center, 659 So.2d 249 (Fla.1995), the trial court should have set off only the portion of the nursing home’s settlement which represents economic damages.
The trial court did not have the benefit of Wells when it apportioned all damages in accordance with the percentages of fault as determined by the jury. In Wells, the supreme court specifically concluded that the set-off statutes do not apply to non-economic damages but do apply to economic damages. In reaching this conclusion, the supreme court stated the following with regard to footnote three (3) of Fabre:
At first glance, it would appear that the rationale of footnote 3 would foreclose Wells’ claim. In fairness, however, the arguments advanced in this appeal were not presented to, nor considered by, this Court in Fabre. The illustration in footnote 3 was intended to demonstrate that our interpretation of section 768.81(3) would not lead to a double reduction in damages. Therefore, despite the dicta contained in footnote 3, we have chosen to address the parties’ arguments on the merits.
In considering the issue on the merits, the supreme court referenced cases from other jurisdictions that held that set-off statutes only applied in cases of joint and several liability. The supreme court also concluded that the language of section 768.81(3) (apportionment of damages) and the set-off statutes (sections 46.015, 768.81, and 768.041) lead to the conclusion that a nonsettling defendant is not entitled to set off for non-economic damages.
After it concluded that the set-off statutes did not apply to non-economic damages, the supreme court then addressed how to apportion settlement proceeds between economic[1] and non-economic damages for purposes of calculating a nonsettling defendant’s obligation, and concluded:
the settlement proceeds should be divided between economic and noneconomic damages in the same proportion as the jury’s award. In this case, the economic damages comprised 35.349% of the total award. Applying this percentage to the total of the settlements results in the determination that $106,047 of the $300,000 should be allocated to economic damages. Therefore, $106,047 must be set off against the $202,853 award of economic damages. Because the collateral source of social security benefits relates to economic damages, TMRMC should receive an additional set-off of $17,000. See § 768.76, Fla.Stat. *901 (1991). Wells is entitled to recover the full 90% of the noneconomic damages or $333,-900, as well as $9,000 in costs. Accordingly, judgment should be entered in favor of Wells in the amount of $422,706.
Thus, at bar we reverse for the trial court to determine in accordance with the above formula the percentage of settlement with the nursing home attributable to economic damages, for which the defendant is entitled to a set off.
Based on the above decision, we also remand for the trial court to further consider whether in light of the reduction in the amount of the judgment based on the set off of economic damages, the defendant unreasonably rejected the plaintiffs offer of settlement made pursuant to section 45.061, Florida Statutes (1989). This is not to say that the trial court is precluded from reaching this same conclusion upon such consideration. However, the amount of any fee award, should the court still determine the rejection to be unreasonable, must be re-evaluated in light of the reduced amount of the net judgment. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
KLEIN and PARIENTE, JJ., concur.

. Section 768.81, Florida Statutes (1993) defines "economic damages” as past lost income and future lost income reduced to present value; medical and funeral expenses; lost support and services; replacement value of lost personal property; loss of appraised fair market value of real property; costs of construction repairs, including labor, overhead and profit; and any other economic loss which would not have occurred but for the injury giving rise to the cause of action.