669 So.2d 332 (1996)
Diana R. WIGGINS, etc. et al., Appellants,
v.
BRAMAN CADILLAC, INC., Appellee.
No. 94-914.
District Court of Appeal of Florida, Third District.
March 13, 1996.
*333 Haddad, Josephs, Jack & Gaebe; Cooper & Wolfe and Marc Cooper and Maureen Gallen, Miami, for appellants.
Joe N. Unger, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
PER CURIAM.
The plaintiffs below, Diana R. Wiggins, as Guardian of Jorge Estevez, Incompetent, Jorge Estevez and Ada Estevez, appeal from the trial court's calculation of Braman Cadillac, Inc.'s [Braman] share of damages. We reverse and remand for entry of judgment consistent with this opinion.
In 1986, Jorge Estevez was injured in an automobile accident when the brakes in his 1983 Cadillac failed. Instead of proceeding into an intersection, Mr. Estevez turned right and his vehicle was hit by a truck owned by Landscaping Associates and driven by Felepe Prellezo. The plaintiffs sued Prellezo and Landscaping Associates alleging that Prellezo negligently operated the vehicle that was owned by Landscaping Associates; General Motors Corporation [GM] alleging that the vehicle's braking system was defectively designed and manufactured by GM; and Braman alleging that it negligently failed to repair the braking system.
Prior to trial, the plaintiffs settled with Landscaping Associates and Prellezo for their policy limits of $100,000.00 and with GM for $625,000.00. The plaintiffs were also able to collect $300,000.00 from Mr. Estevez' underinsured motorist carrier. Moreover, $500,000.00 of Mr. Estevez' medical bills were paid by insurance.
The plaintiffs proceeded to trial against Braman only. The jury awarded the plaintiffs $431,664.00 for past economic damages,[1] $1,778,313.00 with a present value of $1,184,903.00 for future economic damages, $500,000.00 for past pain and suffering, and $1,000,000.00 for future pain and suffering. The jury found that Prellezo was 55% negligent, GM 25% negligent, Braman 10% negligent, and Mr. Estevez 10% comparatively negligent. The trial court entered a final judgment against Braman awarding the plaintiffs $136,491.03. This appeal follows.
The parties agree that the trial court improperly calculated the final judgment against Braman. The parties also agree that the final judgment must be recalculated in accordance with Wells v. Tallahassee Memorial Regional Medical Center, 659 So.2d 249 (Fla.1995), which sets forth guidelines for calculating a nonsettling defendant's share of the damages.
Pursuant to the formula in Wells, the judgment against Braman is calculated as follows:
(1) economic damages ($1,616,567.00) ÷ total jury award ($3,116,567.00) = percentage of jury's award allocated to economic damages (51.87%);

*334 (2) settlements ($725,000.00)[2] × percentage of jury's award allocated to economic damages (51.87%) = portion of settlement that nonsettling defendant is entitled to set off ($376,057.50);
(3) economic damages ($1,616,567.00) portion of settlements that nonsettling defendant is entitled to set off ($367,057.50)plaintiff's comparative negligence ($161,656.70)collateral source benefit/medical payments ($169,400.00)[3] = economic damages that nonsettling defendant is liable ($918,452.80);
(4) noneconomic damages ($1,500,000.00) × percentage of fault apportion to nonsettling defendant (10%) = noneconomic damages that nonsettling defendant is liable ($150,000.00);
(5) economic damages that nonsettling defendant is liable ($918,452.80) + noneconomic damages that nonsettling defendant is liable ($150,000.00) = nonsettling defendant's liability ($1,068,452.80).
Wells, 659 So.2d at 254 n. 3.
The points raised by Braman on cross-appeal lack merit. Accordingly, we reverse and remand for entry of a judgment consistent with this opinion.
NOTES
[1] The verdict form did not separate past medical expenses and other past economic losses.
[2] We do not agree with Braman's argument that the $500,000.00 medical payments and the $300,000.00 received from Mr. Estevez' underinsured motorist carrier constitute "settlements."
[3] In the instant case, the plaintiffs argue that Florida law does not permit that uninsured/underinsured motorist benefits be set off and that, although Florida law does permit that medical payments be set off, because the jury verdict form did not specifically state what portion of the award for past economic damages represented past medical expenses, Braman is not entitled to a set-off for any of the medical payments. We agree as to the underinsured motorist benefits, see International Sales-Rentals Leasing Co. v. Nearhoof, 263 So.2d 569 (Fla.1972); Economy Fire & Casualty Co. v. Obenland, 629 So.2d 265 (Fla. 2d DCA 1993); Respess v. Carter, 585 So.2d 987 (Fla. 5th DCA 1991), but disagree as to the medical benefits. During oral argument, the parties agreed that the jury's award of past economic damages covered both medical expenses and other past economic losses. The plaintiffs' counsel also conceded that, at most, the other past economic damages totalled $262,264.00, and therefore, the past medical expenses awarded by the jury were at least $169,400.00. Accordingly, Braman is also entitled to a $169,400.00 set-off from the economic damage award for the medical payments.