681 So.2d 799 (1996)
Helen OLSON, Appellant/Cross-Appellee,
v.
N. COLE CONSTRUCTION, INC., a Corporation, and/or E.H. Hughes Co., Inc., a Corporation, d/b/a Hughes/Cole Joint Venture, Appellee/Cross-Appellant.
No. 95-04909.
District Court of Appeal of Florida, Second District.
October 4, 1996.
Richard L. Purtz of Goldberg, Goldstein & Buckley, P.A., Fort Myers, for Appellant/ Cross-Appellee.
Francis E. Friscia and Leo H. Meirose, Jr., of Meirose & Friscia, P.A., Tampa, for Appellee/Cross-Appellant.
WHATLEY, Judge.
Helen Olson appeals the trial court's calculation of the damages she should receive pursuant to the jury's verdict in her personal injury action against N. Cole Construction, Inc. and E.H. Hughes Co., Inc., d/b/a Hughes/Cole Joint Venture (Hughes/Cole). Hughes/Cole cross-appeals the jury's verdict finding it liable in negligence for Olson's personal injuries. We find no merit in Hughes/Cole's cross-appeal as there is substantial competent evidence to support the jury's verdict against it. We do find merit in Olson's contention that the trial court erred in determining she should receive no damages, although we do not agree completely with her calculation of the amount of damages she should have been awarded.
Olson filed an amended complaint against Hughes/Cole seeking damages for personal injuries she sustained on November 29, 1989 in an automobile accident at an intersection at which Hughes/Cole had erected temporary traffic control devices while it undertook construction of an overpass. The cause proceeded to trial, and a jury ultimately returned a verdict finding multiple entities negligent, including both Olson and Hughes/Cole, who were each found to be 10% at fault. The jury awarded Olson $14,000 for past medical expenses, $16,000 for future medical expenses, and $100,000 for past and future noneconomic damages, for a total of $130,000. The trial court reduced the total award to $13,000 to represent Hughes/Cole's proportionate share of the damages and set off $14,000 in collateral sources Olson had received, thereby leaving her to take nothing from Hughes/Cole. Although the setoff of collateral sources was proper, the trial court's calculation of Hughes/Cole's proportionate share of the damages is erroneous. Since the adoption of the comparative fault *800 statute, section 768.81(3), Florida Statutes (Supp.1988), economic and noneconomic damages are determined differently. In addition, any settlement proceeds must be factored into the calculation of economic damages.
Pursuant to the comparative fault statute, a defendant's liability for a plaintiff's noneconomic damages is based on the percentage of fault attributed to that defendant. Fabre v. Marin, 623 So.2d 1182 (Fla.1993). Additionally, because defendants are only severally liable for noneconomic damages, the setoff statutes do not apply to this category of damages. Wells v. Tallahassee Memorial Medical Ctr., 659 So.2d 249, 253 (Fla. 1995).
In this case, the jury found Hughes/Cole to be 10% at fault and it found Olson suffered $100,000 in noneconomic damages. Thus, as both parties now contend, Hughes/Cole is liable to Olson for $10,000 as its proportionate share of the noneconomic damages set by the jury.
With regard to economic damages, the setoff statutes do apply because defendants continue to be liable for these damages on a joint and several basis. Wells, 659 So.2d at 253. In this case, the settling defendant paid Olson $41,500. Additionally, because the payments Olson has received from her personal injury protection and medical payments carrier relate to economic damages, the amounts of these collateral sources ($14,000) should be set off against the amount of economic damages for which Hughes/Cole is liable. § 768.76(2)(a)2., Fla. Stat. (Supp.1988); see Wells, 659 So.2d at 254. Using the guidelines for calculating economic damages which are set forth in footnote three of Wells, the calculation of Olson's economic damages is as follows:
(1) economic damages ($30,000) ÷ total jury award ($130,000) = percentage of jury's award allocated to economic damages (23.08%)
(2) settlements ($41,500) × percentage of jury's award allocated to economic damages (23.08%) = portion of settlements that Hughes/Cole is entitled to set off ($9,578.20)
(3) economic damages ($30,000)portion of settlement that Hughes/Cole is entitled to set off ($9,578.20)collateral source benefits ($14,000)Olson's comparative negligence of 10% ($3,000) = economic damages for which Hughes/Cole is liable ($3,421.80).
659 So.2d at 254 n. 3. Accord Wiggins v. Braman Cadillac, Inc., 669 So.2d 332 (Fla. 3d DCA 1996).
Accordingly, we reverse the final judgment in this case insofar as the calculation of damages is concerned and remand for entry of a total damages award to Olson of $13,421.80.
PATTERSON, A.C.J., and QUINCE, J., Concur.