717 So.2d 588 (1998)
Robert M. ASSI, Appellant,
v.
FLORIDA AUTO AUCTION OF ORLANDO, INC., etc., et al., Appellees.
No. 97-1441.
District Court of Appeal of Florida, Fifth District.
September 4, 1998.
*589 Michael A. Atter of Wood, Atter & Associates, P.A., Jacksonville, for Appellant.
Frank Marriott, Jr. and Monica C. Sanders of Cameron, Marriott, Walsh, Hodges & Coleman, P.A., Daytona Beach, for Appellees.
W. SHARP, Judge.
Assi appeals from a final judgment in an automobile accident case in which the jury awarded him $21,019.23 in damages exclusively for his "economic losses" (past medical expenses and past lost earnings).[1] Assi was found to have been 45% comparatively negligent. Because the defendants below, Florida Auto Auction of Orlando, Inc., et al., made timely offers of judgment, Assi was held liable to them for $7,891.22. Assi argues on appeal that the trial judge miscalculated this amount and that he should only be liable for $3,392.22. We disagree and affirm.
The trial judge calculated Assi's judgment as follows: economic damages ($21,019.23) minus Assi's 45% comparative negligence amount ($9,458.65), minus personal injury protection (PIP) benefits ($10,000), equals $1,560.58. Assi argues that this order of calculations gives the defendants the benefit of his procuring and maintaining an insurance policy with the required PIP coverage. He takes the position that PIP benefits should first be deducted from the total damage award ($21,019.23) minus PIP benefits ($10,000.00), equals $11,019.23, minus his 45% comparable negligence based on the $11,019.23 sub-total ($4,958.65), equals $6,060.58.
Case law in Florida supports the method of calculation utilized by the trial court in this case. See Wells v. Tallahassee Memorial Regional Medical Center, 659 So.2d 249, 254, n. 3 (Fla.1995); Olson v. N. Cole Constr., Inc., 681 So.2d 799 (Fla. 2d DCA 1996); Wiggins v. Braman Cadillac, Inc., 669 So.2d 332 (Fla. 3d DCA 1996); Readon v. Lim, 697 So.2d 178 (Fla. 3d DCA 1997). By initially subtracting the percentage of the plaintiff's comparable negligence from the total economic damages found by the jury, the remaining amount is reduced to the defendant's tort liability.
Pursuant to Florida's no-fault statutory scheme, an injured party has "no right to recover any damages for which personal injury protection benefits are paid or payable."[2] Every owner [of a motor vehicle with respect to which security has been provided pursuant to the statute] is "exempted from tort liability for damages because of bodily injury, sickness,... to the extent that the benefits described in s. 627.736(1) are payable for such injury."[3] Since Assi had such insurance in this case and since the defendants also had the required statutory insurance coverage, the full amount of the defendants' tort liability found by the jury was entitled to the full amount of the statutory exemption. If Assi's method of calculations were utilized, a portion of the full PIP exemption is lost to the defendant because, in effect, it is reduced by 55% (the amount of the defendant's comparable negligence).[4]
*590 Under Florida's no-fault statute, if an insured complies with the no-fault law, i.e., obtains PIP benefits, in exchange he receives up to $10,000 for his economic injuries, without regard to fault on his part, and he is shielded from suit for non-economic damages should he injure another, absent certain limited exceptions,[5] as well as the $10,000 PIP coverage. The insurer has no right of subrogation with regard to these amounts.[6] PIP benefits due from an insurer under section 627.730-627.7405, are deemed to be primary.[7]
The purpose of the no-fault statutes was to reduce litigation for "small" claims brought by parties and their insurers, and to provide an injured party with quick and certain payment for PIP coverage. The calculation used by the trial court properly encompassed these objectives.
AFFIRMED.
HARRIS and ANTOON, JJ., concur.
NOTES
[1] These kinds of damages are encompassed in the required personal injury protection benefits of Florida's no-fault law. § 627.736(1), Fla. Stat.
[2] § 627.736(3), Fla. Stat. (1995).
[3] § 627.737(1), Fla. Stat. (1995).
[4] Economic damages of $21,019.23, minus Assi's comparable negligence of $9,458.65, for a subtotal of $11,560.58, minus 55% tort liability of defendants applied to the $10,000 PIP payment ($5,500.00), equals $6,060.58.
[5] § 627.737, Fla. Stat.
[6] § 737.736(4)(d), Fla. Stat. See Mansfield v. Rivero, 620 So.2d 987 (Fla.1993); Lasky v. State Farm Ins. Co., Inc., 296 So.2d 9 (Fla.1974).
[7] § 627.736(4), Fla. Stat.