780 So.2d 155 (2001)
Lynda STERN and Dr. Herbert Stern, her husband, Appellants,
v.
Luis Alfonso ZAMUDIO, Appellee.
No. 2D00-1287.
District Court of Appeal of Florida, Second District.
January 12, 2001.
Herbert M. Berkowitz of Clark, Charlton & Martino, P.A., Tampa, for Appellants.
Paula Walsh Rousselle of Saieva, Rousselle & Stine, P.A., Tampa, for Appellee.
STRINGER, Judge.
Appellants, Lynda and Dr. Herbert Stern, sue for damages arising from an automobile accident which occurred on April 25, 1993. Lynda Stern alleged personal injuries as a result of the accident, and Dr. Herbert Stern, her husband, sought consortium damages. On October 29, 1999, prior to trial, appellee served a proposal for settlement, pursuant to section 768.79, Florida Statutes (1993), and Florida Rule of Civil Procedure 1.442, in the amount of $5,000 without specifying the amount attributed to each plaintiff. The offer was not accepted by the Sterns, and at trial, the Sterns received net verdicts totaling $780.75. Consequently, the trial court entered an order granting appellee's request for attorney fees pursuant to section 768.79. Appellants challenge this order. We reverse.
While the trial court correctly applied the substantive portions of the statute in effect at the time of the accident (section 768.79, Florida Statutes (1993)), it erred in failing to apply rule 1.442, which applies to all proposals for settlement authorized by Florida law made after its effective date, January 1, 1997. Subsection (c)(3) of the rule provides that "[a] joint proposal shall state the amount and terms attributable to each party." Therefore, the undifferentiated lump sum offer in this case was defective, and the sanctions of section 768.79 were not enforceable against the Sterns. The order granting attorney fees is therefore reversed. See USAA v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000); Allstate Indemnity Co. v. Hingson, 774 So.2d 44 (Fla. 2d DCA 2000).
As to the other points raised by appellant, we affirm without discussion.
Affirmed in part; reversed in part.
THREADGILL, A.C.J., and WHATLEY, JJ., concur.