832 So.2d 158 (2002)
Cynthia Cleff NORMAN as Personal Representative of the ESTATE of William P. CLEFF, deceased, Appellant,
v.
Terri Lamarria FARROW, Appellee.
No. 1D01-4606.
District Court of Appeal of Florida, First District.
November 7, 2002.
Rehearing Denied November 27, 2002.
Gregory M. Shoemaker and Linda H. Wade of Schofield & Wade, Pensacola, for Appellant.
Daniel M. Soloway of Daniel M. Soloway, P.A., Pensacola, for Appellee.
KAHN, J.
This case involves an appeal from a final judgment following a jury trial and subsequent hearings establishing the total amount of the final judgment and the "judgment obtained" for purposes of determining whether attorney's fees and costs are owed. Appellant raises five points, the first challenging the trial court's reduction of the set-off for personal injury protection (PIP) benefits by appellee's ten percent *159 comparative negligence, and the remaining points challenging appellee's entitlement to attorney's fees pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.380. For the reasons given below, we address only the first point raised, and we affirm the trial court's reduction of the PIP set-off.
The four points on appeal challenging appellee's entitlement to attorney's fees are not ripe for review. See, e.g., Miller v. Miller, 801 So.2d 1056, 1057 (Fla. 1st DCA 2001); Ulrich v. Eaton Vance Distribs., Inc., 764 So.2d 731, 733 (Fla. 2d DCA 2000). Cf. Ritchie v. Ritchie, 687 So.2d 1358, 1359 (Fla. 4th DCA 1997) ("In this case, the trial court determined entitlement to attorney's fees in its final judgment, which adjudicated all other issues related to the dissolution of marriage. It reserved jurisdiction to determine the reasonable amount of fees to be awarded. Subsequent to the final judgment of dissolution, the trial court entered a final judgment on attorney's fees, which the husband did not appeal. Because no issues on attorney's fees remain in the trial court, the propriety of the trial court's attorney's fee award is ripe for review."). Therefore, the only issue properly before us concerns the trial court's reduction, in the final judgment, of the PIP set-off by appellee's ten percent comparative negligence. We dismiss the appeal as to the other points.
Putting numbers to the words, the trial court determined the gross PIP set-off to be $4,989.17, and reduced that figure by $499.82, to come up with a net PIP set-off of $4,498.35. Here, appellant argues that she should have received an additional credit of the $499.82, representing ten percent of the gross PIP amount. Specifically, appellant asserts that the trial court's reduction of the set-off led to a double recovery by appellee. She supports her argument by reference to the PIP set-off statute, section 627.736(3), Florida Statutes (1997), which provides in part, "[a]n injured party who is entitled to bring suit... shall have no right to recover any damages for which personal injury protection benefits are paid or payable." Relying further upon Assi v. Florida Auto Auction of Orlando, Inc., 717 So.2d 588 (Fla. 5th DCA 1998), appellant maintains that to obtain the full PIP exemption, she is entitled to a set-off for all amounts of PIP paid or payable, irrespective of comparative negligence.
Appellee relies primarily upon Aetna Casualty & Surety Co. v. Langel, 587 So.2d 1370 (Fla. 4th DCA 1991). In Langel, the injured plaintiff brought suit against his uninsured motorist carrier alleging he had suffered injuries due to the negligence of an uninsured motorist. See id. at 1372. The jury brought back a verdict of $450,000, which the court then reduced by Langel's ten percent comparative negligence, resulting in a net verdict of $405,000. See id. The trial court then determined that the uninsured motorist carrier was entitled to set-offs for prior uninsured motorist payments from another source, but not for PIP or medical payments benefits. See id. The Fourth District reversed the trial court's refusal to allow a set-off for PIP and medical payment benefits and provided a specific mandate to the trial court for calculating the proper set-off:
In calculating the exact amount of the set-offs ... both the settlement amount and the PIP and medpay should be reduced by 10%. Because of Edward's comparative negligence, his total award was reduced by that percentage and thus, to that extent, the foregoing payments were not duplicative.
Id. at 1373. The Langel court noted that amounts received by the injured party because of his PIP and medpay should be set *160 off on the same rationale that previously received underinsured motorist benefits would be set-off: "[I]t duplicates damages otherwise awarded." Id. Appellee argues that under the rationale of Langel, the trial court's ten percent reduction of the PIP set-off adequately avoids duplication of benefits.
In Assi, the court applied the same PIP set-off statute we apply today, although in that case the argument was structured somewhat differently. Assi, an injured motorist, recovered a jury award of $21,019.23 in damages exclusively for past medical expenses and past lost earnings. See 717 So.2d at 589. The jury also determined that Assi was 45% comparatively negligent. See id. The trial court subtracted the 45% from the gross jury award and then subtracted the full amount of PIP benefits. See id. On appeal, Assi argued that the order of calculations gave the defendants the benefit of Assi's procurement of an insurance policy with the required PIP coverage. See id. He asserted that the PIP benefits paid or payable should have been first deducted from the total damage award, and then the court should have reduced the award by the amount of comparative negligence. See id. The Fifth District approved the trial court's method of calculation:
Since Assi had such insurance [PIP] in this case and since the defendants also had the required statutory insurance coverage, the full amount of the defendants' tort liability found by the jury was entitled to the full amount of the statutory exemption.
Id. The Fifth District rejected Assi's method of calculations, observing that it would lead to loss of "a portion of the full PIP exemption." Id.
We agree with Langel, and do not agree with Assi. The set-off is dictated by the statutory language providing that the injured party shall have no right to recover any damages for which personal injury protection benefits are paid or payable. "The purpose of a set-off is to avoid duplication of benefits." Pate v. Renfroe, 715 So.2d 1094, 1099 (Fla. 1st DCA 1998). The supreme court has explained that the purpose of the prior statute allowing an insurer the right to reimbursement of any payments made to an insured who subsequently recovered against a tortfeasor, "was to prevent injured plaintiffs from receiving double recovery." Purdy v. Gulf Breeze Enters., Inc., 403 So.2d 1325, 1328 (Fla.1981). Here, we are persuaded that the method utilized by the trial court avoided duplication of benefits to the plaintiff. The total jury award, which we must assume included medical and wage loss, those items provided by PIP insurance, was reduced by her own ten percent comparative negligence. By deduction then, the amount she recovered as medical payments and lost wages was also reduced by ten percent. Stated otherwise, the jury's finding of ten percent comparative negligence has already given appellant a reduction, or set-off, for ten percent of the PIP. Therefore, the trial court's calculation, which reduced the set-off by ten percent of the PIP, completely avoided duplication of benefits, as dictated by the Legislature.
AFFIRMED.
BARFIELD and BROWNING, JJ., concur.