862 So.2d 816 (2003)
Faith Carr HIBBARD, o/b/o Amanda K. Carr, Appellant,
v.
Michael McGRAW and Dual Incorporated, Appellee.
No. 5D02-2154.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
*818 Stephen C. Bullock of Brannon, Brown, Haley, Robinson & Bullock, P.A., Lake City, for Appellants.
Francis J. Milon and Harris Brown of Harris Brown, P.A., Jacksonville, for Appellees.
SHARP, W., J.
Amanda Carr, by her mother and guardian, Faith Carr Hibbard, appeals from a final judgment in favor of the defendants in a personal injury action and an award of attorney's fees to the defendants based on their unaccepted proposal to settle the case. Carr raises numerous issues on appeal, only two of which involve reversible error. We reverse the judgment awarding attorney's fees because the defendants' proposal for settlement was ambiguous and thus will not support an award of fees under the offer of judgment statute. We also reverse the judgment in favor of the defendants because damages were incorrectly calculated, as the defendants properly concede. In all other regards, we affirm.[1]
The ambiguity in the proposal for settlement arises because of Carr's age, the manner in which this lawsuit was pursued and the language of the proposal itself. In August 1997, then sixteen year old Carr was a passenger in a pickup truck driven by her friend, Mark Brock. Carr and Brock were driving behind McGraw on a two-lane road in Jacksonville. McGraw proceeded slowly, so Brock drove into the left lane to pass him. Unfortunately, McGraw was in the process of making a left turn. To avoid hitting McGraw, Brock swerved and his truck went off the road, overturned and hit a tree. Carr, who was not wearing a seatbelt or shoulder harness, fractured her pelvis.
In January 2000, Carr, through her mother, Faith Carr Hibbard, filed suit against McGraw and his employer, Dual Incorporated. By this time, Carr was eighteen years old.[2]
On March 5, 2001, the defendants tendered the following proposal to settle the case:
Defendants, MICHAEL McGRAW and DUAL INCORPORATED, by and through their undersigned counsel, hereby submit their proposal for settlement in favor of Plaintiff, AMANDA K. CARR, in the total sum of THIRTY FIVE THOUSAND AND ONE DOLLARS ($35,001.00), exclusive of attorneys' fees and costs, in exchange for an executed full release and voluntary dismissal with prejudice as to all claims against Defendants, MICHAEL McGRAW and DUAL INCORPORATED.
This Proposal for Settlement is for the alleged injuries and damages claimed by Plaintiff as a result of the accident which is the subject of this case.
About two weeks later, the defendants moved to amend the pleadings to show Carr as the "sole" plaintiff, since she was *819 more than eighteen years old.[3] The court did not rule on this motion until October 2001, about a month before trial. The court ordered that "Amanda Carr is an adult and shall appear on her own behalf as to her individual claims. Faith Carr Hibbard shall remain as a party Plaintiff as to her parental claim for general damages and claim for medical bills while Amanda Carr was a minor."
Prior to trial, Carr moved to strike the defendants' offer for settlement on the basis it did not specify the amount attributable to each plaintiff; i.e., to Carr and to her mother. The court rejected this argument ruling that the defendants were entitled to settle with one of the plaintiffs without regard to settling with the other.
At the November 13, 2001 trial, Brock and Carr, as well as McGraw and his passenger, testified to their recollections of the accident. Numerous experts testified for both sides.
The jury found Brock 70% negligent, Carr 25% negligent and McGraw 5% negligent and awarded the following damages.

Hibbard's economic damages for past medical expenses $ 104,766.44
Carr's economic damages for future medical expenses $ 100,000.00
Carr's past non-economic damages $ 100,000.00
Carr's future non-economic damages $ 50,000.00
Hibbard's loss of consortium $ 10,000.00
 ____________
 Total $ 364,766.44

Both sides moved for entry of final judgment in their favor. The defendants also moved for attorney's fees and costs based on their proposal for settlement.
The trial court concluded the defendants were not jointly and severally liable since McGraw was found to be less than 10% at fault and less at fault than Carr. The court found the defendants' liability amounted to $18,238.32 (5% of the total award of $364,766.44) and they were entitled to a setoff for $72,966.09 from collateral sources, which far exceeded their liability. Thus the court entered judgment in favor of the defendants. Based on the unaccepted proposal for settlement, the court ordered Carr only (not her mother) to pay the defendants $18,460.60 in attorney's fees.
I. Offer of Judgment.
The requirements for a valid proposal for settlement are set forth in section 768.79[4] and Florida Rule of Civil Procedure *820 1.442.[5] The language in rule 1.442 must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own attorney's fees. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003). In Loy v. Leone, 546 So.2d 1187 (Fla. 5th DCA 1989), this court noted the purpose of rule 1.442 is to sanction a party who does not timely accept a settlement offer made prior to trial by shifting payment and recovery of costs after the offer is made. In effect, it is a punitive measure and therefore should be construed in favor of the party to be sanctioned. But for the offer of judgment statute, the defense would have to pay its own attorney's fees.
Because the offer of judgment statute and related rule must be strictly construed, virtually any proposal that is ambiguous is not enforceable. Barnes v. The Kellogg Company, 846 So.2d 568 (Fla. 2d DCA 2003). For example, in Dudley v. McCormick, 799 So.2d 436 (Fla. 1st DCA 2001), the appellate court reversed the award of attorney's fees where the defendant offered to settle with the mother, individually and as best friend and next of kin of her minor son, and her son, in their personal injury action after the son was injured in an automobile accident. The proposal for settlement did not specify separate amounts for the mother and son or designate only one plaintiff as the offeree.
On appeal, the court noted the mother was the real party in interest insofar as her own individual claims were concerned. However, she was not the real party in interest insofar as her son's claims were concernedrather she was asserting his claims as his representative. Thus the case involved two plaintiffs, not one.
The court concluded that the defendant's offer did not comply with the offer of judgment statute or rule 1.442 because it did not state the amount attributable to each party. There were two distinct parties plaintiffthe mother individually and her son, whom she represented. The mother may have been willing to settle her *821 individual claims for all or part of the amount offered, if she had been able to do so without compromising her son's claims, or vise versa.
In this case, the defendants served their proposal to "Plaintiff, Amanda K. Carr" before moving to amend the pleadings to show Carr as the "sole" plaintiff. At the time the defendants served their proposal, "Plaintiff, Amanda K. Carr" was not the named plaintiff. In addition, given the defendants' position that Carr was the sole plaintiff, it is unclear whether the proposal to settle "all claims against the Defendants" included all damages of any kind arising out of the accident (Carr's claims as well as the claims of her mother) or only (Carr's claims for future medical expenses, future lost earning capacity and pain and suffering) and not her mother's claims (medical expenses and loss of consortium).
The defendants' proposal for settlement was therefore unclear and ambiguous. Accordingly, the defendants were not entitled to an award of attorney's fees under section 768.79. See, e.g., Stern v. Zamudio, 780 So.2d 155 (Fla. 2d DCA 2001)(sanctions of section 768.79 were not enforceable where lump sum offer was defective).
II. Damages.
As to the issue of damages, Carr contends the trial court erred in determining their recovery and provides this court with two different calculations for reducing the verdict to final judgment in their favor. The defendants disagree with these calculations but concede Carr is entitled to an additional $8,000 representing McGraw's 5% liability for the non-economic damage award of $160,000.
The amount of Carr's recovery depends on the defendants' liability under the comparative fault statute and any applicable setoffs. At common law, under the doctrine of joint and several liability, all negligent defendants were held responsible for the total of the plaintiff's damages regardless of the extent of each defendant's fault in causing the accident. Gouty v. Schnepel, 795 So.2d 959 (Fla.2001).
In 1986, the Legislature enacted section 768.81, the comparative fault statute. This represented a policy shift from joint and several liability to the apportionment of fault among tortfeasors. Instead of each defendant being severally responsible for all of the plaintiffs' damages, with limited exceptions, the defendant is responsible only for the percentage of fault determined by the jury. Gouty.
In 1999, the Legislature amended section 768.81 to provide joint and several liability for economic damages based on a sliding scale, depending on whether the plaintiff was with or without fault and the percentage of fault of the defendant. The amendment made a defendant less than 10% at fault not subject to joint and several liability, regardless of whether the plaintiff had some fault or not. Basel v. McFarland & Sons, Inc., 815 So.2d 687 (Fla. 5th DCA 2002). However, this court has held the 1999 amendment to section 768.81 is prospective only and may not be applied retroactively to causes of action accruing prior to its effective date. Basel.
The 1997 version of section 768.81, in effect at the time of the accident in this case, apportioned damages as follows:
(3) Apportionment of damages.In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of a particular claimant, the court shall enter judgment with respect *822 to economic damages against that party on the basis of the doctrine of joint and several liability.
* * *
(5) Applicability of joint and several liability.Notwithstanding the provisions of this section, the doctrine of joint and several liability applies to all actions in which the total amount of damages does not exceed $25,000.
Since McGraw's percentage of fault (5%) was less than Carr's percentage of fault (25%) and the total amount of damages exceeded $25,000, the doctrine of joint and several liability does not apply. Metropolitan Dade County v. Frederic, 698 So.2d 291 (Fla. 3d DCA), rev.denied, 705 So.2d 9 (Fla.1997). Thus McGraw was liable only for 5% of the economic damages of $204,766.44 or $10,238.32 and 5% of the noneconomic damages of $160,000 or $8,000.
Prior to trial, Carr settled with Brock for $100,000 but this does not benefit McGraw. The provisions for setting off settlement proceeds do not apply to noneconomic damages for which the defendants are only severally liable. Furthermore, these setoffs are only applicable to economic damages where the parties are subject to joint and several liability. Gouty; Wells v. Tallahassee Memorial Regional Medical Center, Inc., 659 So.2d 249 (Fla.1995); Metropolitan Dade County; Cohen v. Richter, 667 So.2d 899 (Fla. 4th DCA 1996).
Nevertheless, Carr received collateral source payments which do reduce economic damages. Wells; Assi v. Florida Auto Auction of Orlando, Inc., 717 So.2d 588 (Fla. 5th DCA 1998); Readon v. Lim, 697 So.2d 178 (Fla. 3d DCA 1997); Olson v. N. Cole Const., Inc., 681 So.2d 799 (Fla. 2d DCA 1996). The collateral source payments of $72,966.09 far exceed McGraw's liability for $10,238.32 in economic damages. Thus the net recovery should have been limited to McGraw's liability for his percentage of the noneconomic damages$8,000.
AFFIRMED in part; REVERSED in part; REMANDED.
PETERSON and TORPY, JJ., concur.
NOTES
[1] The remaining issues involving the seatbelt defense, the jury's allocation of fault, allegedly improper remarks during closing arguments and jury instructions lack merit.
[2] The age of majority was reduced to eighteen years in 1973. § 743.07, Fla. Stat. According to records in our file, Carr was born on March 6, 1981.
[3] However, Hibbard was also a plaintiff, having her own claims for economic damages (her daughter's medical expenses) and loss of consortium.
[4] 768.79. Offer of judgment and demand for judgment

(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award....
(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
The offer shall be construed as including all damages which may be awarded in a final judgment.
[5] Florida Rule of Civil Procedure 1.442. Proposals for Settlement

(c) Form and Content of Proposal for Settlement.
(1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
(2) A proposal shall:
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
(3) A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party....