880 So.2d 557 (2004)
Cynthia Cleff NORMAN, Petitioner,
v.
Terri Lamarria FARROW, Respondent.
No. SC02-2659.
Supreme Court of Florida.
June 24, 2004.
*558 Richard A. Sherman, Sr. of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, FL and Linda H. Wade of Schofield and Wade, Pensacola, FL, for Petitioner.
Daniel M. Soloway and Robert T. Bleach of Daniel M. Soloway, P.A., Pensacola, FL, for Respondent.
Lloyd J. Heilbrunn, Palm Beach Gardens, FL, for The Academy of Florida Trial Lawyers, Amicus Curiae.
WELLS, J.
We have for review Norman v. Farrow, 832 So.2d 158 (Fla. 1st DCA 2002), which expressly and directly conflicts with the decision in Assi v. Florida Auto Auction of Orlando, Inc., 717 So.2d 588 (Fla. 5th DCA 1998). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

FACTUAL BACKGROUND
On December 8, 1998, William Cleff was driving on University Parkway in Escambia County, Florida, when his vehicle collided with the rear of Terri Lammaria Farrow's vehicle. As a result, Farrow (the plaintiff) filed a tort suit against Cleff (the defendant),[1] alleging damages in the form of bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization and nursing care, loss of ability to earn money, and aggravation of a preexisting condition. In his amended answer to the complaint, the defendant alleged as an affirmative defense that the plaintiff's negligence was the sole or a contributing factor causing the accident. The theory of the defendant's case was that although he rear-ended the plaintiff's vehicle, the plaintiff's erratic and careless driving of cutting in front of him caused the accident.
At trial, the jury was instructed regarding comparative fault and found the defendant ninety-percent negligent and the plaintiff ten-percent negligent. The jury also found that the plaintiff had sustained a permanent injury as a result of the accident and total damages amounting to $19,647.71 ($6,247.71 in past medical expenses; $8,400 in future medical expenses; $2,500 for past pain and suffering; and $2,500 for future pain and suffering).
The parties agreed at pretrial that pursuant to section 627.736(3), Florida Statutes (2003), the defendant was entitled to a setoff for "damages for which personal injury protection benefits are paid or payable" to the plaintiff, which would be implemented by the trial judge after the jury returned a verdict. Posttrial, however, a dispute arose regarding whether that setoff should be reduced by the plaintiff's percentage of comparative fault. In their respective motions for entry of judgment, the plaintiff asserted that the PIP setoff should be reduced by the plaintiff's percentage of comparative fault, while the defendant argued that he was entitled to a setoff for the full PIP benefits paid or payable to the plaintiff.
On October 15, 2001, the trial court rendered a final judgment, calculating the plaintiff's award as follows:

*559
A. Jury Verdict ............................. $19,647.71
B. Reduction, 10% Comparative Negligence .... ( - $ 1,964.77)
C. PIP Offset ...............................
 1. PIP ($4,998.17) Offset ................
 2. Reduction, 10% Comparative ............ ( - 4,498.35)
D. Taxable Costs ............................ ( + 4,868.44)
E. Pre-Judgment Interest on Verdict ......... $ 0.00
TOTAL JUDGMENT ON JURY VERDICT $18,053.03

Farrow v. Norman, No. 00-0168-CA-01, Div. B, order at 1 (Fla. 1st Cir. Ct. order filed Oct. 15, 2001). In these calculations, the trial court reduced both the jury's finding of total damages and the PIP setoff by the plaintiff's ten-percent comparative negligence.
The defendant appealed the trial court's reduction of the PIP setoff, arguing that the trial court's calculations led to a double recovery by the plaintiff and that pursuant to the Fifth District's decision in Assi, defendants were entitled to a setoff of all damages for which PIP benefits were paid or payable to the plaintiff, with no consideration of comparative fault. The plaintiff, on the other hand, relied on the Fourth District's decision in Aetna Casualty & Surety Co. v. Langel, 587 So.2d 1370 (Fla. 4th DCA 1991), and requested that the judgment be affirmed. The First District Court of Appeal affirmed the trial court's reduction of the PIP setoff. See Norman, 832 So.2d at 159.
The defendant sought discretionary review by this Court based on express and direct conflict with Assi and Rollins v. Pizzarelli, 761 So.2d 294 (Fla.2000). This Court accepted jurisdiction on the basis of conflict with Assi.[2]

ANALYSIS
The issue raised in this case involves the calculation of damages when a plaintiff has received PIP benefits but is also comparatively negligent. Thus, we consider the PIP statute and the comparative negligence statute.
Section 627.736(3) addresses how recovery in tort claims is to be impacted by an insured plaintiff's receipt of PIP benefits. It provides:
(3) INSURED'S RIGHTS TO RECOVERY OF SPECIAL DAMAGES IN TORT CLAIMS.  No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit. An injured party who is entitled to bring suit under the provisions of ss. 627.730-627.7405,[[3]] or his or her legal representative, shall have no right to *560 recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his or her special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable. In all cases in which a jury is required to fix damages, the court shall instruct the jury that the plaintiff shall not recover such special damages for personal injury protection benefits paid or payable.
(Emphasis added.) Thus, section 627.736(3) dictates that an insured plaintiff has "no right to recover" damages paid or payable by PIP benefits.[4]
Section 768.81(2), Florida Statutes (2003), addresses comparative negligence and provides:
(2) EFFECT OF CONTRIBUTORY FAULT.  In an action to which this section applies, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery.
(Emphasis added.) A plain reading of section 768.81(2) is that "the amount awarded as economic and noneconomic damages" to the plaintiff is what is to be reduced by the percentage of the plaintiff's comparative fault.
Reading these statutes in conjunction,[5] we find that pursuant to section 627.736(3), which bars all recovery of damages paid or payable by PIP benefits, the amount for which PIP benefits have been paid or payable is to be deducted by the trier of fact[6] from the amount awarded as economic damages in the verdict. Those amounts are not recoverable.[7] Following that deduction, the noneconomic damages awarded should be added and then the percentage of comparative negligence found by the trier of fact is to be applied to reduce the amount of damages which *561 are recoverable from the tortfeasor. The remainder is the amount of the judgment.
Applying this to the instant case would result in the following calculation: the total economic damages found ($14,647.71), minus the damages for which there is "no right to recover" (i.e., damages for which PIP benefits are paid or payable) ($4,998.17), plus the total noneconomic damages found ($5,000), equals the "amount awarded as economic and noneconomic damages" ($14,649.54), minus the amount representing plaintiff's ten-percent comparative fault ($1,464.95), equals $13,184.59. Once costs ($4,868.44) are added, the plaintiff would receive a final judgment of $18,053.03. This amount is the mathematical equivalent of the trial court's calculations below, which the First District affirmed. Although the trial court utilized a different procedure in the instant case, it apparently reached the correct result. Therefore, we approve the result reached in Norman v. Farrow, 832 So.2d 158 (Fla. 1st DCA 2002), and disapprove the holding in Assi v. Florida Auto Auction of Orlando, Inc., 717 So.2d 588 (Fla. 5th DCA 1998), in which the Fifth District affirmed a trial court's method of calculation that first diminished the total award by the plaintiff's comparative fault and then subtracted the amount of damages paid or payable by the PIP benefits.
It is so ordered.
ANSTEAD, C.J., and PARIENTE, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
NOTES
[1] After trial but before the final judgment was rendered, the defendant died. Cynthia Cleff Norman assumed his defense as personal representative of his estate and became the named party in subsequent appeals.
[2] The petitioner alleged in his jurisdictional brief to this Court that conflict exists between the decision below and this Court's decision in Rollins. However, this Court did not accept jurisdiction on that basis because Rollins addressed the issue of whether section 627.736 was properly construed as including only those PIP benefits already paid or also unused benefits believed to be available. Rollins did not address how the PIP setoff should be calculated or involve any consideration of comparative negligence and therefore does not expressly and directly conflict with the decision below.
[3] Section 627.737(1) limits an injured party's entitlement to bring suit in tort by stating in pertinent part:

Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by [the Florida Motor Vehicle No-Fault Law] ... is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle in this state to the extent that the benefits described in s. 627.736(1) are payable for such injury ... unless a person is entitled to maintain an action for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2).
§ 627.737(1), Fla. Stat. (2003). Subsection (2) then provides for what is called the "threshold requirement" of permanent injury or death. Here, the jury found the plaintiff met the threshold permanency requirement. Therefore, she was entitled to bring suit.
[4] A similar statute is section 768.76(1), Florida Statutes (2003), which addresses collateral sources of indemnity and provides in pertinent part that in any negligence action the court shall reduce the amount of damages awarded "by the total of all amounts which have been paid for the benefit of the claimant... from all collateral sources." Because section 627.736(3) more specifically addresses PIP benefits, it controls the present case.
[5] We find it unnecessary to look to the legislative history of section 627.736 for resolution of this case; rather, we apply a plain meaning reading of these two statutes.
[6] See Caruso v. Baumle, No. SC03-127, 880 So.2d 540 at 544, 2004 WL 1403170 (Fla. June 24, 2004) (holding that trier of fact, whether judge or jury, is to offset collateral source amount under section 627.736(3)).
[7] This method of calculation presumes that the trier of fact has been presented with evidence of damages that would be covered by PIP benefits and has included all of those damages in the award of economic damages. As noted in Caruso, op. at 545 the jury need not be instructed on the PIP setoff if the plaintiff has not introduced evidence of damages paid or payable by PIP benefits.