NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KRISTAL LYNN CARPENTER, )
)
          Appellant/Cross-Appellee, )
)
v. )      Case No. 2D14-6010
)
MILDRED FRANCES CHAVEZ, )
)
          Appellee/Cross-Appellant. )
_____)

Opinion filed August 31, 2016.

Appeal from the Circuit Court for Pasco
County; David Seth Walker, Senior Judge,
and Linda H. Babb, Judge.

Charles W. Hall, Mark D. Tinker, and
DeeAnn J. Petika of Banker Lopez
Gassler P.A., St. Petersburg, for
Appellant/Cross-Appellee.

Tatiana Boohoff of Boohoff Law, P.A.,
Brandon, for Appellee/Cross-Appellant.


SILBERMAN, Judge.

          Kristal Lynn Carpenter appeals a final judgment in favor of Mildred

Frances Chavez in Chavez's suit for personal injuries that arose from an automobile

accident. Carpenter raises an issue regarding the setoff of personal injury protection

(PIP) benefits. On cross-appeal, Chavez asserts that the trial court erred in denying her

challenges for cause during voir dire, and we affirm on the cross-appeal without discussion. On the main appeal, we reverse the final judgment and remand for the full PIP benefits of $10,000 to be set off from the jury's verdict.

In this personal injury action, Chavez claimed that she incurred $203,723.86 in past medical expenses as a result of the automobile accident she had with Carpenter. The jury heard evidence that Chavez had a preexisting condition of four disc herniations in her neck. The jury awarded Chavez $47,840 for her past medical expenses that were caused by the accident with Carpenter. The jury found that Chavez had not sustained a permanent injury as a result of this accident and awarded no future damages.

It is undisputed that Chavez received the full $10,000 of PIP payments for medical expenses related to the accident. As the parties agreed, the trial court conducted a posttrial hearing to determine the PIP setoff. Chavez argued that because the jury did not award the full amount of medical expenses claimed and it could not be determined for which bills the jury made its award, the defense could not demonstrate any duplication of benefits. Thus, Chavez argued that the PIP setoff should not apply.

Carpenter argued that a setoff of the full $10,000 was appropriate under the "common sense" approach, see Aetna Cas. & Sur. Co. v. Langel, 587 So. 2d 1370, 1373 (Fla. 4th DCA 1991), because the elements of damages the jury awarded are the same type of damages that the PIP policy would pay. The trial court entered an order providing for a setoff of only $2000 of the $10,000 PIP payment because the jury award was about twenty percent of the medical expenses that were claimed at trial. Subsequently, the trial court entered a final judgment that included the $2000 setoff of

the PIP benefit.  On appeal, Carpenter contends that Chavez received an $8000 windfall that requires this court to reverse the final judgment.[1]

Section 627.736(3), Florida Statutes (2014), governs an insured's rights to recover special damages in tort actions.  The statute provides that "[a]n injured party who is entitled to bring suit under the provisions of ss. 627.730-627.7405, or his or her legal representative, shall have no right to recover any damages for which personal injury protection benefits are paid or payable."  § 627.736(3); see also Norman v. Farrow, 880 So. 2d 557, 560 (Fla. 2004) ("[S]ection 627.736(3) dictates that an insured plaintiff has 'no right to recover' damages paid or payable by PIP benefits.").  The setoff of PIP benefits paid serves the purpose of avoiding a duplication of benefits.  Pate v. Renfroe, 715 So. 2d 1094, 1099 (Fla. 1st DCA 1998); see also McKenna v. Carslon, 771 So. 2d 555, 558 (Fla. 5th DCA 2000) (stating that the purpose of a PIP setoff is to prevent a plaintiff from receiving a double recovery).  The party seeking a setoff has the burden to prove that a duplication of benefits has occurred.  Pate, 715 So. 2d at 1099.

In Langel, 587 So. 2d at 1373, the Fourth District used a "common sense" approach, citing Centennial Insurance Co. v. Fulton, 532 So. 2d 1329 (Fla. 3d DCA 1988), to determine that the PIP benefits paid were duplicated by the damages that the jury awarded.  Edward Langel was involved in two related accidents, and the jury was unable to apportion the damages between the accidents.  587 So. 2d at 1372.  The Langels claimed $46,000 in past medical expenses and $299,000 in future rehabilitation expenses, and the insurer conceded those amounts.  Id. at 1373.  At issue were future

---

[1]Carpenter asserted that the correct amount for the PIP setoff is a significant issue because the triggering of proposals for settlement depend upon the appropriate judgment amount.

medical expenses, lost earnings, and intangible damages. The jury returned a general verdict of $450,000 in damages. The Langel court stated that "[t]he total jury award logically must have included the most basic elements of damages such as those for which PIP and medpay are payable in the first place." Id. The Langel court determined that the trial court should have set off as collateral sources the $30,000 in PIP and medpay benefits. Id.

Here, Chavez exhausted her $10,000 of PIP benefits that arose from the accident with Carpenter. For an insured to be entitled to PIP benefits, the medical expenses must be related to the accident in question, reasonable, and necessary. See Auto Owners Ins. Co. v. Marzulli, 788 So. 2d 1031, 1034 (Fla. 2d DCA 2001); Derius v. Allstate Indem. Co., 723 So. 2d 271, 272 (Fla. 4th DCA 1998); see also State Farm Mut. Auto. Ins. Co. v. Rhodes & Anderson, D.C., P.A., 18 So. 3d 1059, 1064 (Fla. 2d DCA 2008) (recognizing that a PIP claim can be "denied because the claim was unrelated, medically unnecessary, or unreasonable"). Therefore, the $10,000 in medical expenses that PIP benefits paid had to be for medical expenses caused by the accident.

The jury determined that of the $203,723.86 in past medical expenses that Chavez claimed, only $47,840 were caused by the accident. Thus, the jury determined that the amount of expenses over the $47,840 were not caused by the accident. The balance of Chavez's claimed medical expenses that the jury determined were not caused by the accident, under a common sense analysis, were not paid for by Chavez's PIP benefits. Similarly, under a common sense analysis, the $10,000 paid for PIP benefits was duplicated in the $47,840 that the jury awarded as past medical expenses caused by the accident.

Therefore, we reverse the final judgment and the order on Chavez's motion to determine setoffs and remand for the trial court to order the full PIP benefits paid of $10,000 to be set off from the jury's verdict of $47,840.

Affirmed as to cross-appeal; reversed and remanded as to main appeal.

CRENSHAW and BLACK, JJ., Concur.